UNITED STATES of America, Appellee,

v.

Manuel Francisco Padilla MARTINEZ, et al., Appellants.

Nos. 1221, 1240–1245, Dockets 76–1236, 76–1243 to 76–1248.

United States Court of Appeals, Second Circuit.

Argued June 2, 1976.

Decided June 4, 1976.

2. F.R.A.P. 20 makes Rule 38 applicable to petitions for review of decisions by the Board of Immigration Appeals.

Robert B. Fiske, Jr., U.S. Atty., Southern District of New York, New York City (Lawrence Iason, Frederick T. Davis, Michael Q. Carey, Asst. U. S. Attys., New York City, on the brief), for appellee.

Phylis Skloot Bamberger, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City, on the brief) for appellants Manuel Francisco Padilla Martinez, et al.

John A. Ciampa, New York City, for Mejias.

Michael P. Stokamer, Stokamer & Epstein, New York City, for M. Navas.

Howard L. Jacobs, New York City, for E. Navas.

Stuart R. Shaw, New York City, for Cifuentes-Rojas.

Abraham Solomon, New York City, for Ramierez-Rivera.

Herbert Olon Brown, Brooklyn, N. Y., for Cadeva.

Before CLARK,[*] Associate Justice, TIMBERS, Circuit Judge, and TENNEY, District Judge.[**]

CLARK, Associate Justice:

Appellants appeal [1] from an order of the United States District Court for the Southern District of New York entered on May 24, 1976, denying a motion for their release from incarceration during trial, which is now in progress. Appellants claim that they are entitled to release pursuant to 18 U.S.C. § 3164 [The Speedy Trial Act, Public Law 93–619, 93d Congress 5754, January 3, 1975] [2] because of the failure of the court to commence their trial before the expiration of ninety days following the inception of their continuous detention. The appellants were indicted for violation of the Narcotic Laws on February 19, 1976, the same day of their arrest by the federal officers,[3] and were arraigned and held on $50,000 bail upon pleas of not guilty.

[*] The Hon Tom C. Clark, Associate Justice, Retired, sitting by designation.

[**] Of the United States District Court, Southern District, sitting by designation.

1. Since Manuel Francisco Padilla Martinez perfected his appeal each of his co-defendants has requested leave to join on the original papers filed, save Francisco Cadena. The applications to join in the appeal are granted.

2. Section 3164 provides that the district shall place an interim plan in effect requiring the trial of any person detained, or found to be of "high risk" as defined by the Act, beginning no later than ninety days following his continuous detention. The failure to commence the trial of a detainee through no fault of the accused or his counsel within the ninety day period shall result in his release from custody pending trial, etc. Pursuant to the Section, the Southern District of New York adapted Rules which in effect follow the Act.

3. Prior to their arrest the appellants had been in custody of the State of New York for over sixteen months on state charges stemming from the same events involved here and which were investigated by a Joint Task Force of state and federal officers. The appellants seek to tie this period to the federal detention under *United States v. Cabral*, 475 F.2d 715 (1st Cir. 1973). We find the holding inapposite since it antedates the Act and does not bear upon it.

On March 24, 1976 Manuel Francisco Padilla Martinez filed a motion to dismiss for failure to provide a speedy trial. Although no other motions had been filed the court called a pretrial conference on March 30, 1976, and on application of the appellants enlarged the time to file motions to April 1st and set the case down for trial on May 17, 1976. On the latter date hearings on the pretrial motions were held, continuing through May 21st. The motion to release from custody now before us was filed on May 20, 1976, on the ninety first day after the arrest and continuous custody of appellants by the federal authorities and was based on the Rules of the Southern District Plan for Achieving Prompt Disposition of Criminal Cases (Interim Plan) as well as Section 3164. On May 21st the trial court overruled the motion and filed a written opinion on May 24, 1976, finding that the excludable period provisions of 18 U.S.C. § 3161 apply to § 3164.

The trial is now proceeding on its merits.

We heard argument on the appeal on June 2d, 1976 and affirmed the order of the District Court from the bench. We now file our opinion on the action taken.

### 1. *The Contention of Appellants and the Reasoning of the District Court:*

The ground on which appellants base their motion is that Congress did not provide specifically that the time limits and exclusions of Section 3161 apply to the interim plan of Section 3164. They say the language of the Section 3164 "contains no qualifying provisions, no excludable periods and no limitations" on the 90 day trial mandate. Two cases are cited, both from the 9th Circuit but one being a District Court opinion. The first is *United States v. Tirasso,* 532 F.2d 1298 (CA 9 1976) and the second *United States v. Steven Soliah,* Criminal No. 75–523 (E.D.Cal.1976). In *Tirasso* "the delay was occasioned by a lengthy investigation of a serious and mas-

sive criminal scheme" by government investigators. The delay was, therefore, at the door of the government and not Tirasso. He was released from custody. In *Soliah* the government sought a 30 day delay of trial on the ground that one of its witnesses was unable to attend because of pregnancy, complicated by diabetes. Such a delay, the court held, would be chargeable to the government and under General Order # 63 of that District would require the release of Soliah from custody. The court specifically held that even though the Act permitted such a delay to be excluded that the District rule controlled. We find neither case apposite.

The District Court, construing the Act as a whole, held that the exclusions of § 3161(h) were equally applicable to Section 3164.

### 2. *The Grounds for Affirmance:*

We find at least two grounds on which affirmance is required. The first is a constitutional one which we will not elaborate further than to note that there is question under the doctrine of separation of powers that the Congress can exercise judicial authority to the extent indulged here.[4]

■ Next, we find that both Section 3164 and Rule 4 of the Southern District of New York Plan for Achieving Prompt Disposition of Criminal Cases (Interim) clearly require the exclusion of the time consumed in pre-trial matters. Section 3164 after requiring each judicial district to place into operation an interim plan provides that the trial of any (i) detained persons who are being held in detention solely because they are awaiting trial shall (b) "commence no later than ninety days following the beginning of such continuous detention . ." And subsection (c) specifically provides: "Failure to commence trial of a detainee as specified in subsection (b) *"through no*

---

4. Some of the language of the Act is so sweeping that it might well be construed as more than procedural, assuming the Congress has the power to enact the latter. See *Integration of Bar Case,* 244 Wis. 8, 11 N.W.2d 604 cited with approval in *Lathrop v. Donohue,* 367 U.S. 820, 825, 81 S.Ct. 1826, 6 L.Ed.2d 1191 (1961); *Commonwealth ex. rel. Carroll v. Tate,* 442 Pa. 45, 274 A.2d 193 (1971).

*fault of the accused or his counsel"* (emphasis supplied) shall result in "the automatic review by the court of the conditions of release" and no detainee, as defined, "shall be held in custody pending trial after the expiration of such ninety day period . ." As we have noted the indictment here was filed on February 19, 1976; arraignment was held on February 23rd and not guilty pleas were entered. Although Rule 8(B) of the Southern District Rules require that motions be made within ten days after the entry of this plea the defendants made no motion whatever until March 24, 1976 when Padilla Martinez moved to dismiss. We note that he had no permission to file this document though it came long after the expiration of the ten day period. On March 30th the District Court on application of the defendants permitted them to file delayed motions. Thereafter they filed a total of eight motions all the way from dismissal for failure to afford a speedy trial to the suppression of evidence, severance, double jeopardy, bills of particular, discovery and inspection of records. These motions were filed subsequent to the time set by the trial judge (April 1, 1976)[5] and on May 17th a sharing on the motions was begun. It is admitted that this hearing was the cause of the delay in the commencement of the trial itself beyond the 90th day. On the 91st day while these motions were being heard another motion to dismiss under the Act and Rule was filed, calling to the attention of the court to the expiration of the 91st day. We hold that the delay here was directly attributable to the "fault . . . of the accused or his counsel." Section 3164, Rule 6.

■ The series of events above narrated show that defendants were at fault in not filing timely motions and in consuming sufficient time during the hearing thereon to trigger the passing of the 90th day. In the context of these facts and where the government insists that the appellants will flee in order to escape trial we find that their fault in delaying the filing and hence the decision on their motion was; and their prolonging of the hearing on the motions was the specific cause of the delay in commencing the trial after the 90th day.

We are not holding that the exclusions of Section 3161(h) are applicable to § 3164, as did the trial judge. While his opinion is quite persuasive we find it not necessary to adopt such an interpretation where Section 3164 itself specifically authorizes the action we take here.

Nor should our opinion be construed as a suggestion to the Circuit Council with respect to the formulation or approval of any District Speedy Trial Plans within its jurisdiction. Our holding, in this regard, is based entirely on the peculiar facts of this case as applied under Section 3164(c).

Affirmed.

---

5. Rule 9(b) of the General Rules of the Southern District requires the inclusion of supporting memoranda as well as an affidavit must accompany some motions. The motions here were deficient in these respects as well as being OUT OF TIME.