**UNITED STATES of America**

v.

**Amos William CORLEY, Appellant.**

**No. 76–2096.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 28, 1976.

Benton L. Becker, Jan M. Pederson, and Michael A. Milwee, Washington, D.C., were on the motion for appellant.

Earl J. Silbert, U.S. Atty., Carl S. Rauh, Principal Asst. U.S. Atty., and E. Lawrence Barcella, Jr., Asst. U.S. Atty., Washington, D.C., were on the opposition to the motion for appellee.

Before WRIGHT, McGOWAN and WILKEY, Circuit Judges.

PER CURIAM:

On September 8, 1976 Amos William Corley was arrested on an 18-count indictment filed against him and a co-defendant, Jake Elliott, for their participation in the kidnapping of Alan Bortnick, Corley's employer. Unable to post bond, Corley has been held in pretrial detention since that time.

As a result of both a delay in filing pretrial motions and the illness of the trial

judge to whom the case had originally been assigned, Corley's trial was continued until January 17, 1977. On November 24, 1976 Corley filed a motion for release from custody, arguing that under Section 3164 of the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174 (Supp. V 1975), he could not be held in custody after December 7, 1976, his 90th day in pretrial detention. Section 3164 provides, in pertinent part:

(a) During an interim period commencing ninety days following July 1, 1975 and ending on [June 30, 1979], each district shall place into operation an interim plan to assure priority in the trial or other disposition of cases involving—

(1) detained persons who are being held in detention solely because they are awaiting trial[.]

\* \* \* \* \* \*

(b) During the period such plan is in effect, the trial of any [such pretrial detainee] shall commence no later than ninety days following the beginning of such continuous detention \* \* \*. \* \* \*

(c) Failure to commence trial of a detainee as specified in subsection (b), through no fault of the accused or his counsel, \* \* \* shall result in the automatic review by the court of the conditions of release. No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial. \* \* \*

■ Relying on Rule 2–7 (Speedy Trial) of the Rules of the United States District Court for the District of Columbia (§§ 9, 12(a), 15(a)), the District Court held that the excludable time periods enumerated in Section 3161 of the Speedy Trial Act apply to computations of the 90-day period under Section 3164. Thus, in determining the length of Corley's pretrial detention, the court excluded periods of delay resulting from illness and the filing of pretrial motions. The court then concluded that the 90-day period would not expire prior to January 17, 1977, the scheduled trial date.

■ For the reasons outlined in *United States v. Mejias*, 417 F.Supp. 579 (S.D. N.Y.), *aff'd on other grounds, sub nom. United States v. Martinez*, 538 F.2d 921 (2d Cir. 1976), and *United States v. Masko*, 415 F.Supp. 1317 (W.D. Wis.1976), we agree with the trial court that the exclusions of Section 3161 apply to the interim limits of Section 3164, and we decline to follow the Ninth Circuit's decision in *United States v. Tirasso*, 532 F.2d 1298 (9th Cir. 1976). Taking into account the relevant tolling periods, Corley is not entitled to release under Section 3164.

*Motion for pretrial release denied.*