**Mark Alan BLACKBURN, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF CALIFORNIA, Respondent,**

**United States of America, Real Party in Interest.**

**No. 77–1105.**

United States Court of Appeals, Ninth Circuit.

Nov. 11, 1977.

333

Before BROWNING and CHOY, Circuit Judges, and CURTIS,* District Judge.

PER CURIAM:

On July 14, 1976, petitioner Blackburn was indicted by a grand jury on charges of violating 18 U.S.C. § 1702—Obstruction of Correspondence. Trial was held before a jury on September 20, 1976. On September 24 a mistrial was declared when the jury was unable to reach a verdict. A retrial was originally scheduled for December 6, but on November 17 the district court vacated the scheduling *sua sponte* and set the case for January 3, 1977. Petitioner Blackburn had no opportunity to object to this rescheduling. On December 7, he moved for dismissal of the indictment on the grounds that his constitutional and statutory rights to a speedy trial had been violated. The district court denied this motion, and reset petitioner's trial for January 14, 1977, to afford him an opportunity to seek review. This delay was the first attributable to petitioner. Petitioner seeks a writ of prohibition, or alternatively, a writ of mandamus, to restrain the respondent court from holding a second trial on the indictment.

█ Four factors are to be balanced in determining whether a delay in trial rises to the level of a Sixth Amendment violation: length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker,* over five years elapsed between defendant's arrest and trial. Only seven months of the delay was supported by a strong excuse. Barker spent ten months in jail awaiting trial, and, as the Court noted, "was prejudiced to some extent by

Peter R. Stromer (argued), San Jose, Cal., for petitioner.

Donald Ayer, Asst. U. S. Atty. (argued), San Francisco, Cal., for respondent.

* Honorable Jesse W. Curtis, Senior United States District Judge, Central District of California, sitting by designation.

living for over four years under a cloud of suspicion and anxiety." 407 U.S. at 534, 92 S.Ct. at 2194. Nonetheless, the Court held the delay did not violate Barker's Sixth Amendment rights because there was no showing of actual prejudice to the presentation of his defense, and because it appeared to the Court that Barker did not really want a speedy trial since he had acquiesced in most of the continuances sought by the state.

■ In the present case, fourteen weeks and two days elapsed between the declaration of a mistrial (September 24, 1976) and the final scheduling of retrial (January 3, 1977). Petitioner did not object to the original trial setting of December 6. He did object on December 7 to the resetting on January 3. The period of delay in which petitioner did not acquiesce, therefore, was less than one month. As to prejudice, petitioner simply asserts in conclusory fashion that "the length of the delay has dimmed the memory of both parties and witnesses to the alleged offense herein which occurred on or about March 26, 1976, almost 13 months ago." No showing has been made that any witness's memory as to given matters has been dimmed or that the presentation of petitioner's defense has been otherwise impaired as a result of this delay. Furthermore, unlike the defendant in *Barker*, petitioner has remained free on bond throughout the proceeding. While there may be merit in petitioner's complaint that he has been "unable to lead a normal life because of community suspicion and his own anxiety," this prejudice—particularly in light of the decision in *Barker* involving a much greater deprivation—is not grave. On balance, the short delay involved here does not rise to the level of a constitutional violation.

■ Petitioner also claims that the delay in retrial violated his statutory rights under the Speedy Trial Act of 1974, and that dismissal is therefore required. Petitioner relies primarily on 18 U.S.C. § 3161(e), which provides in relevant part:

If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within sixty days from the date the action occasioning the retrial becomes final. * * *

Section 3161 does not provide for dismissal for failure to commence retrial within the prescribed 60-day period. Section 3162 of the Act does provide for dismissal for failure to comply with the time limits imposed under section 3161(b) on indictment after arrest, and for failure to comply with the time limits imposed under section 3161(c) on trial after arraignment; however, no sanction is provided in section 3162 for failure to comply with the time limits on retrial imposed under section 3161(e). Petitioner does not argue, and we do not consider, whether section 3162 was intended to apply to section 3161(e) violations despite the absence of an express provision to that effect, because section 3163(c) provides that section 3162 sanctions are not to take effect until July 1, 1979.

Petitioner argues that under the decision of the Supreme Court in *Strunk v. United States*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973), dismissal is the only appropriate remedy for the violation of defendant's right to speedy trial. However, the dismissal ordered in *Strunk* resulted from the violation of defendant's *constitutional* right to speedy trial, 412 U.S. at 439, 93 S.Ct. at 2263 and petitioner has failed to sustain his claim under the Sixth Amendment.

Petitioner argues that the rationale of this court's prior decision in *United States v. Tirasso*, 532 F.2d 1298 (9th Cir. 1976), dictates dismissal. *Tirasso* involved the construction and application of section 3164(c) of the Speedy Trial Act. That section requires that a pretrial detainee be released from custody on bail if the government fails to bring him to trial within 90 days of incarceration. The defendants in *Tirasso* were originally indicted in the Southern District of New York, but the case was removed to the District of Arizona for trial. Transfer of the case caused the 90-day period to lapse without the trial

having begun. The defendants moved for their release pursuant to section 3164(c). The district court denied the motion. This court reversed, finding that the language of section 3164 is straightforward and unambiguous in requiring the release of detainees for failure to commence trial within the appropriate time period. Petitioner argues that the literal construction given to the Act in *Tirasso*—which resulted in a holding that the "excludable time" provisions of section 3161(h) were inapplicable to section 3164—requires a similar approach to the construction of section 3161(e) in this case, and a holding that there are no exceptions to the 60-day time limit for retrial mandated by section 3161(e). But whether or not such a holding is warranted, *Tirasso* provides no support for the remedy which petitioner seeks. The section of the Speedy Trial Act applied in *Tirasso* specifically provides for release as the sanction for noncompliance. Petitioner points to no statutory authority for dismissal for failure to comply with section 3161(e).

The order of the district court denying petitioner's motion for dismissal is affirmed.