UNITED STATES of America, Plaintiff,

v.

Luis HERNANDEZ, a/k/a "Albertito", Defendant.

No. (S) 77 Crim. 767 (PNL).

United States District Court, S. D. New York.

Feb. 15, 1978.

David Zapp, New York City, for defendant.

Robert B. Fiske, Jr., U. S. Atty. by James A. Moss, Asst. U. S. Atty., New York City, for plaintiff.

MEMORANDUM OPINION

LEVAL, District Judge.

Luis Hernandez, a defendant in this criminal proceeding, moves for mandatory immediate release from custody under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 et seq., alleging that last Sunday, February 12, 1978, was his 90th day "in detention solely because [he is] awaiting trial", and that "through no fault of his own, his trial has not commenced." 18 U.S.C. § 3164.

The motion raises the question whether the interim mandatory release provision of

§ 3164 is to be read in isolation, or whether in computing the 90-day period under that section, exclusions of time provided in § 3161(h) are applicable.

Hernandez is indicted jointly with nine co-defendants. Joint trial of the nine arrested defendants was set for February 14, 1978. It was adjourned by this Court to March 6, 1978, as a date certain, upon the application of counsel for another defendant Jaime Vila, based on the fact that Vila's removal from California to this district was not accomplished until approximately two weeks before the February 14 date. Counsel for Vila had not been previously retained and was therefore understandably unprepared to proceed to a trial which is expected to take the better part of two months.

Hernandez is the only one of the nine defendants whose Speedy Trial deadline, at least as to the 90-day detention limit, might arguably expire, but for exclusions, on February 14. If the exclusions of § 3161 are applicable to the expiration of the 90 days under § 3164, the provisions of § 3161(h)(7) would come into play as to Hernandez. It provides as follows:

(h) The following periods of delay shall be excluded in computing the time within which . . . the trial of any such offense must commence:

\* \* \* \* \* \*

(7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

I conclude that the exclusion provisions of § 3161(h) and the ninety-day period specified in § 3164 are part of a single interrelated statutory scheme and that the one was intended by Congress to apply to the other. Accordingly I rule that Hernandez is not entitled, as a matter of law, to mandatory release today under section 3164.

Courts have differed as to whether the exclusions set forth in § 3161(h) are applicable to § 3164. The Ninth Circuit in an opinion which seems to me to comport with neither the logic nor the language of the Act has ruled those statutory exclusions inapplicable to the 90-day detention period. *United States v. Tirasso,* 532 F.2d 1298 (1976). Judge Carter of this court reached the opposite conclusion in *United States v. Mejias,* 417 F.Supp. 579 (S.D.N.Y.1976), a well-reasoned opinion which the Second Circuit found "quite persuasive." *United States v. Martinez,* 538 F.2d 921 (2nd Cir. 1976). Judge Carter has been followed by the District of Columbia Circuit, *United States v. Corley,* 179 U.S.App.D.C. 88, 548 F.2d 1043 (1976), the Fifth Circuit, *United States v. Bullock,* 551 F.2d 1377 (1977), and the Connecticut district court, *United States v. Lewis,* 425 F.Supp. 1166 (D.Conn. 1977). See also *United States v. Masko,* 415 F.Supp. 1317 (W.D.Wis.1976).

Without repeating Judge Carter's analysis of statutory history and purpose I will add only the following. The delays specified in § 3161(h) were excluded because they are generally beyond the Government's control and the Court's, because the government cannot therefore reasonably be charged with responsibility for them, and because illogical results would follow if such periods were not excluded. The same logic which required their exclusion from the time limits of § 3161, limits which after the interim period of § 3164 will apply equally to jail and non-jail cases, requires their application to jail cases during the interim period. A contrary reading, as the Ninth Circuit acknowledged in *Tirasso, supra,* would require a defendant's release on the 90th day, no matter how certain to flee, no matter how dangerous, no matter how certain to continue to violate U.S. laws in the safety of a foreign country and no matter how unavoidable and innocent was the delay which prevented trial from beginning on the ninetieth day. Nothing in the Act's history suggests that such a consequence was intended.

A contrary reading would also run anomalously counter to the scheme of the Act, which is to exact tougher and tighter deadlines through the progress of the interim period. The *Tirasso* reading would mean

that, for jail cases, the Act would become more lenient and accommodating after the interim period had passed.

The *Tirasso* court, recognizing the "dangers inherent" in its decision, and the fact that release of the defendants in that case was "tantamount to an invitation to flee across the Mexican border," thought this illogical result to be mandated by the "inartful" draftsmanship of the statute. *United States v. Tirasso, supra,* 532 F.2d at 1300. I do not agree that the statutory language requires reading these two provisions as separate and unrelated. To me, plain reading of the words (as well as logic) suggests the opposite result. Several sections of the Act (§§ 3161(c), 3161(e), 3161(g) and 3164) direct that under various circumstances a defendant's "trial shall commence" within specified numbers of days. Section 3161(h) provides that, "in computing the time . . . within which the trial of any such offense must commence," specified types of delays "shall be excluded." This seems to me to say exactly what it means: the exclusions are applicable to all the stated periods.

■ It is true that § 3162, in providing the consequences of failure to start trial within the time limits set by § 3161(b) and (c), added the unnecessary words "as extended by section 3161(h)", and that these words are not found in the parallel provision of § 3164(c). This variation tends to support the *Tirasso* construction. On the other hand, § 3174, which provides for emergency relief in special circumstances upon the expiration of the time limits of § 3161(c), also did not bother to repeat the words "as extended by § 3161(h)," although the exclusions are indisputably applicable. Furthermore, where Congress did not wish the special provisions of § 3174 to be applicable to the release of detainees under § 3164, it said so expressly in the last sentence of § 3174(b), and might therefore have been expected to say the same if it had intended the same consequences for § 3161(h). In sum, while I agree with the Ninth Circuit's evaluation of the quality of statutory draftsmanship, I find that the exclusions of § 3161(h) are, and were intended to be, applicable to § 3164.

In reaching his conclusions, Judge Carter faced an added difficulty. At that time, this District's "Plan for Prompt Disposition of Criminal Cases," then not yet effective, was drafted to provide, in accordance with the Ninth Circuit's interpretation, that no exclusions are applicable to the 90-day detention period. This District's plan was thereafter modified so that, as adopted, it makes the § 3161(h) exclusions explicitly applicable to the 90-day detention period.

■ Accordingly, I find that § 3161(h)(7) authorizes the exclusion of a reasonable delay for joint trial, with the result that Hernandez' 90-day period under § 3164 has not yet run. As March 6 has been set as a firm trial date, the delay will not exceed three weeks.

It is important to point out that this decision denying Hernandez the immediate benefit of the mandatory release provision of § 3164 does not preclude discretionary release if convincing circumstances are shown. The Court will remain available to consider such bail applications as the defendant might make. Hernandez remains entitled to the full protection of the 6th Amendment, and the applicable bail statute.

Upon his present application, bail is hereby reduced, from the $100,000 figure which was set on the ex parte application of the government at the time of the filing of the indictment, to $15,000, cash or sureties.

SO ORDERED.