**UNITED STATES of America, Plaintiff,**

v.

**Heriberto LEON, et al., Defendants.**

**No. CR–85–31T.**

United States District Court,
W.D. New York.

June 26, 1985.

Salvatore R. Martoche, U.S. Atty., Rochester, N.Y., (Melchor E. Castor, Asst. U.S. Atty., Rochester, N.Y., of counsel), for plaintiff.

John R. Parrinello, Rochester, N.Y., for defendant.

DECISION and ORDER

TELESCA, District Judge.

INTRODUCTION

Defendant, Heriberto Leon, has been held in pre-trial detention since his arrest

on January 18, 1985. He now moves for release from detention under 18 U.S.C. Section 3164, which requires that a person in pre-trial detention must have his case go to trial within ninety (90) days of the detention or be subject to automatic release. A 1979 amendment to that Section, however, allows the court to exclude from the computation any time periods excludable under 18 U.S.C. Section 3161(h). As set forth below, since much of the time between Leon's detention and the present date is excludable, the 90 days has not yet run and Leon's motion must be denied.

## FACTS

Leon was arrested and detained on January 18, 1985. He was arraigned the next day before Magistrate David G. Larimer, and upon motion of the Government, he was detained without bail, pending a pre-trial detention hearing which was scheduled for January 21, 1985. On January 21, the pre-trial detention hearing was adjourned to the following day at the request of defense counsel. The detention hearing was held on January 22 and 23, and the Magistrate determined that Leon should be held without bail. The period from January 19 through January 23 is thus excludable as delay resulting from the filing of a pre-trial motion through conclusion of the hearing, under 18 U.S.C. Section 3161(h)(1)(F).

The Speedy Trial Act clock began to run on January 24, 1985 until January 28, 1985, when it stopped because a preliminary hearing was conducted before Magistrate Larimer. The clock was not stopped again until February 25, 1985 when Leon was arraigned on his indictment. The clock began to run again the next day, and was stopped on March 6, 1985 when Leon moved to amend the Magistrate's pre-trial detention order. At this point a total of thirty-nine (39) non-excludable days had elapsed.

The motion to amend was decided on March 13, 1985. On March 26, 1985 Leon moved in District Court for an order amending the Magistrate's pre-trial deten-tion order. The motion was heard on April 1 and on April 2 this Court issued its decision affirming the Magistrate. Twelve (12) more days had elapsed between March 13 and March 25, 1985.

On April 8, 1985, co-defendant Elba Rodriguez filed an omnibus motion before Magistrate Larimer seeking various forms of pre-trial relief. Five (5) more days had run at that time. Oral argument on this motion is set for June 24, 1985 along with the omnibus motions of Leon and co-defendants Rafael and Luz Nereida Vigo. (At the arraignment on the original indictment, the Government informed the defendants that a superseding indictment would be filed in the matter; all defendants except Elba Rodriguez elected not to file motions until after the filing of the superseding indictment on May 23, 1985.)

In addition, Leon filed an interlocutory appeal of this Court's denial of his motion for pre-trial release on April 12, 1985. Although this appeal has received expedited review, a decision has not yet been rendered by the Second Circuit. Thus a total of only fifty-six (56) non-excludable days have elapsed since Leon was arrested and detained (assuming that the filing of Elba Rodriguez's omnibus motion stopped the clock as to all the co-defendants).

## DISCUSSION

■ Leon's first argument is based upon the interpretation of Section 3164(b) itself, which provides that, "[t]he periods of delay enumerated in Section 3161(h) are excluded in computing the time limitations specified in this section." Leon argues that this sentence should be read so that the Section 3161(h) exclusions *do not* apply to the computation of time under Section 3164.

The short answer to this argument is that, if Congress' intent was that the Section 3161(h) *exclusions* would not apply under Section 3164, the statute would have been worded exactly that way. The statute reads, however, that the "periods of delay ... are excluded", which is exactly the language used in Section 3161(h). This conclusion is strengthened by reference to

the legislative history of the 1979 amendment when this sentence was added. Congress was faced at that time with conflicting decisions from different circuit courts on the question whether the Section 3161(h) exclusions applied under Section 3164. Compare *United States v. Tirasso*, 532 F.2d 1298 (9th Cir.1976) (holding that virtually no exclusions should be applied), with *United States v. Corley*, 548 F.2d 1043 (D.C.Cir.1976) and *United States v. Mejias*, 417 F.Supp. 579 (S.D.N.Y.1976), *aff'd. on other grounds, sub nom., United States v. Martinez*, 538 F.2d 921 (2d Cir.1976) (holding that the exclusions should be applied). According to the House Report accompanying the 1979 amendment, Section 7 of that amendment "also specifies that Section 3161(h) exclusions and continuance provisions and the Section 3162 dismissal sanction apply to [cases arising under Section 3164], thus resolving a split of the circuits on this question". (H.Rep. No. 96–390, 1979 U.S.Code, Cong. and Admin.News pg. 805, 816.) Therefore it is clear that defendant's reading of the statute does not comport with Congress' intent.

▪ Leon also argues that his motions and appeals in this case have addressed his pre-trial detention, not the "substance" of his case (as, for example, a suppression motion), that these motions and appeals need not have occasioned any delay in his trial, and that the time during the pendency of these motions and appeals ought not to be excluded.[1] At first blush, this argument would seem to have some appeal since Sections 3164 and 3161(h) both refer to "periods of delay" resulting from, *inter alia*, any interlocutory appeal or any pre-trial motion. Leon also argues that, when Congress applied the Section 3161(h) exclu-

sions to Section 3164, it intended to do so "... in such a manner as to extend only to the bare minimum necessary detention of persons in custody...." 1979 U.S.Code Cong. and Admin.News p. 816.

The Second Circuit faced this issue in *United States v. Cobb, supra*, a case arising under Section 3161. The Court held that excludable time under Sections 3161(h)(1–7) is automatically triggered once the existence of a proceeding or condition referred to in a particular subsection is established, *e.g.*, once a motion or interlocutory appeal is filed. 697 F.2d at 42. Any other reading would force a court, anytime it takes a motion or interlocutory appeal under advisement for a time, or any time a motion is adjourned, to determine what portion of that time was "reasonably necessary" delay. Not only would this "present extremely difficult factual questions", *United States v. Stafford*, 697 F.2d 1368, 1371 (11th Cir.1983), but such a reading would clearly be inconsistent with, for example, Section 3161(h)(1)(J) which *automatically* excludes any delay up to thirty (30) days attributable to any period during which any proceeding concerning a defendant is actually under advisement by a court.[2]

▪ Leon's most compelling argument is that the statute effectively penalizes a detainee who files (or whose co-defendants file) motions, by lengthening the period of his or her detention. To the extent he argues that he is penalized for filing his own motions or appeals, this is an unavoidable consequence of Congress' application of the Section 3161(h) exclusions to Section 3164 detainees. Although it is an unfortunate consequence, Leon has not urged its unconstitutionality upon this Court. To the

---

1. Because Section 3161(h)(1)(F) refers to *"any* pre-trial motion"* (emphasis added), and Section 3161(h)(1)(E) refers to *"any* interlocutory appeal"* (emphasis added), the fact that Leon's motions and appeals have only challenged his pre-trial detention is itself of no significance. *See United States v. Cobb*, 697 F.2d 38, 42 (2d Cir.1982).

2. Beyond that 30 day period, the causation analysis espoused by defendant Leon arguably takes

over, and the Court is required to state its reasons for excluding such time as "reasonably necessary". *United States v. Simmons*, 763 F.2d 529 (2d Cir.1985); *United States v. Bufalino*, 683 F.2d 639, 645 (2d Cir.1982), *cert. denied*, 459 U.S. 1104, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983). Likewise, a court which adjourns the hearing of a motion for a lengthy period must explain the reasons for the delay, under *U.S. v. Cobb, supra*.

extent he argues that he is penalized because his co-defendants have filed motions, courts which have addressed this issue under Section 3161(h)(7) have held that the filing of a motion or interlocutory appeal as to one defendant stops the Speedy Trial Act clock as to all co-defendants. *See, e.g., United States v. McGrath,* 613 F.2d 361 (2d Cir.1979), *cert. denied, sub nom. Buckle v. United States,* 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980); *United States v. Darby,* 744 F.2d 1508 (11th Cir.1984); *United States v. Tedesco,* 726 F.2d 1216 (7th Cir.1984); *United States v. Stafford,* 697 F.2d 1368 (11th Cir.1983); *United States v. Fogarty,* 692 F.2d 542 (8th Cir. 1982), *cert. denied,* 460 U.S. 1040, 103 S.Ct. 1434, 75 L.Ed.2d 792 (1983); *United States v. Edwards,* 627 F.2d 460, 461 (D.C.Cir. 1980), *cert. denied,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980). Although there appear to be no cases applying Section 3161(h)(7) to persons detained under Section 3164, this exclusion, like any other Section 3161(h) exclusion, was expressly made applicable to Section 3164 cases by the 1979 amendment to Section 3164.

## CONCLUSION

On the record before me, fifty-six (56) days of nonexcludable time have expired since Heriberto Leon was detained on January 18, 1985. The rest of the time is excludable delay under 18 U.S.C. Section 3161(h). Accordingly, defendant Leon's motion for release from detention is denied.

SO ORDERED.