# United States Court of Appeals
## For the First Circuit

No. 12-2049

UNITED STATES OF AMERICA,

Appellant,

v.

HASAN WORTHY, a/k/a Moto,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Boudin, Howard and Thompson,

Circuit Judges.

Renée M. Bunker, Assistant United States Attorney, and Thomas E. Delahanty II on brief for appellant.
Edward S. MacColl and Thompson, Bull, Furey, Bass & MacColl, LLC, P.A. on brief for appellee.

November 14, 2012

**Per Curiam**.  The United States appeals from a district court order granting defendant Hasan Worthy's motion for release on account of 18 U.S.C. § 3164 (2006).  This court has jurisdiction pursuant to 18 U.S.C. § 3731 ("appeal by the United States . . . from a decision or order, entered by a district court of the United States, granting the release of a person charged with . . . an offense").  The following facts are undisputed.

Hasan Worthy was initially arrested and ordered to be detained on August 6, 2010, on a charge of conspiracy to possess cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1).  An initial indictment and several superseding indictments followed, the last being filed on October 26, 2011, charging Worthy with three counts related to the possession of cocaine with intent to distribute and a fourth count related to the use of a communication facility (specifically, a telephone) in the commission of drug offenses.  On November 1, 2011, Worthy entered a plea of not guilty to the fourth superseding indictment.

In June and July of 2012, Worthy filed motions seeking dismissal of the fourth superseding indictment and release from custody under sections 3161 and 3164 of the Speedy Trial Act, 18 U.S.C. §§ 3161, 3164.  At argument on July 27, 2012, the government stipulated that it had violated the Speedy Trial Act because a total of 147 non-excludable days had run off the 70-day trial clock set by section 3161.

That provision states, in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1); see also 18 U.S.C. § 3161(h) (2006 & Supp. IV 2011) (listing periods excluded from 70-day calculation).

When the 70-day clock set by section 3161 expires, the trial judge may dismiss the case with prejudice or without prejudice, based on factors specified by statute (e.g., the seriousness of the offense, the circumstances that led to the dismissal and "the impact of a reprosecution on the administration of [the Speedy Trial Act]"). 18 U.S.C. § 3162(a)(2). In Worthy's case, the district judge ordered the indictment dismissed without prejudice, paving the way for a new indictment.

At around 9:44 a.m. on August 2, 2012, the district court ordered Worthy's discharge; approximately 15 minutes later and without any interruption of physical custody, Worthy was re-arrested on a new criminal complaint listing one count of possession of a mixture or substance containing cocaine with intent to distribute. On August 7, 2012, Worthy was re-indicted on four counts which were virtually identical to the counts charged in the October 2011 indictment and again pled not guilty.

-3-

Under the statute, this new indictment, permitted because the dismissal was without prejudice, restarted the 70-day clock even though the new indictment charged exactly the same offenses. 18 U.S.C. § 3161(d)(1); see also United States v. Rush, 738 F.2d 497, 511 (1st Cir. 1984). However, while the trial was thus back on track, Hasan Worthy sought immediate release pending his retrial on the ground that his detention was governed as well by a different clock which--he argued--was not reset by his re-indictment.

Section 3164 specifies that a "person who is being held in detention solely because he is awaiting trial" must be tried "not later than ninety days following the beginning of such continuous detention," and "[n]o detainee . . . shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." 18 U.S.C. § 3164.[1] The reference to 90 days is misleading because the section 3161 exclusions apply and can greatly extend the time. See id. § 3164(b).

Nevertheless, the permissible detention period under the prior complaint and indictment, like the time to start trial under that indictment, had (the government stipulated) expired by the end

_____

[1]Worthy initially moved for his immediate release and for dismissal of the new indictment, but section 3164 only provides for release--not dismissal--when its provisions are violated, see, e.g., United States v. Feurtado, 191 F.3d 420, 426 (4th Cir. 1999), and Worthy has abandoned his dismissal request.

-4-

of July 2012. The new indictment unquestionably reset the 70-day clock to zero, 18 U.S.C. § 3161(d)(1), and the government contends that Worthy's arrest followed by the new indictment also began a new 90-day period for detention. Worthy argues that no statute expressly restarts the 90-day clock and, the time having expired for detention under the old complaint and indictment, he cannot be held pending his trial on the new indictment.

The district court, noting that neither the Supreme Court nor the First Circuit had ruled directly on this issue, adopted the view of the Ninth Circuit in United States v. Tirasso, 532 F.2d 1298 (9th Cir. 1976). Tirasso holds that re-indictment on the same offense does not restart section 3164's 90-day clock, saying that "[t]he language of section 3164 is straightforward" in this regard, id. at 1299, although the court conceded that a defendant otherwise subject to detention might easily flee, id. at 1300-01. In fact, Worthy had been kept in detention under the prior indictment based on findings that he was both a flight risk and a danger to public safety.[2]

---

[2]The government pointed to a letter that Worthy sent from jail in which--apparently referring to the cooperating witnesses in his case--he wrote, "I'm going to look for my rats to kill them." According to the government, Worthy also described plans to smuggle drugs into jail and wrote of his intention to leave the country. In Worthy's detention hearing the magistrate judge found that, in addition to the presumption of detention based on his charged offenses, 18 U.S.C. § 3142(e)(2), (f)(1), the government had demonstrated by "clear and convincing evidence" that Worthy presented a risk of flight and a danger to the community.

With due respect to the <u>Tirasso</u> court's view, we do not agree that section 3164 compels such a result nor can we imagine Congress intending it.

The holding in <u>Tirasso</u> turns on the sentence in section 3164(c) that reads, "No detainee . . . shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial."  At the extreme, one might interpret this sentence to mean that a defendant who has been detained for more than 90 non-excludable days may <u>never</u> again "be held in custody pending trial," regardless of the charges--an absurdity rejected by the <u>Tirasso</u> court itself, which said that detention might be allowed following re-indictment for "completely discrete offenses."  532 F.2d at 1300.

In our view, <u>Tirasso</u> is mistaken.  The "linchpin of the Speedy Trial Act" is section 3161(c), which requires that a defendant be brought to trial within 70 days of the information, indictment or initial appearance in court.  <u>United States</u> v. <u>Hastings</u>, 847 F.2d 920, 924 (1st Cir. 1988).  On adoption, the statute provided for a phase-in period during which each district would formulate and implement a plan "to accelerate the disposition of criminal cases . . . consistent with the time standards" set by the Act.  <u>See</u> Speedy Trial Act of 1974, Pub. L. No. 93-619, 88 Stat. 2076, 2081 (1975).

Section 3164 was initially adopted as a set of "[i]nterim limits" that would apply during the phase-in period; under these interim limits, a defendant who was detained or designated as "high risk" could only be held pending trial for 90 days. <u>Id.</u> This provision was inserted "to assure priority" for cases involving high-risk defendants and those who required detention pending trial. <u>Id.</u>; <u>accord</u> United States v. <u>Mejias</u>, 417 F. Supp. 579, 580 (S.D.N.Y. 1976), <u>aff'd</u>, 552 F.2d 435 (2d Cir.), <u>cert. denied</u>, 434 U.S. 847 (1977); <u>see also</u> United States v. <u>Thomas</u>, 49 F.3d 253, 257 (6th Cir. 1995).

In its initial incarnation, the Speedy Trial Act did not specify whether the various periods excluded from the calculation of the 70-day clock under section 3161 would also be excluded from the calculation of the 90-day clock under section 3164. This omission led to a circuit split: the Ninth Circuit held in <u>Tirasso</u> that the periods of exclusion did <u>not</u> apply to section 3164 and that the expiration of the 90-day clock led to automatic release, <u>Tirasso</u>, 532 F.2d at 1300, while the D.C. Circuit held in <u>United States</u> v. <u>Corley</u>, 548 F.2d 1043, 1044 (D.C. Cir. 1976) (per curiam), that the periods of exclusion <u>did</u> apply to section 3164.[3]

---

[3]<u>See also</u> United States v. <u>Howard</u>, 440 F. Supp. 1106, 1108 (D. Md. 1977) (exclusions apply to section 3164), <u>aff'd on other grounds</u>, 590 F.2d 564 (4th Cir.), <u>cert. denied</u>, 440 U.S. 976 (1979); <u>Mejias</u>, 417 F. Supp. at 582-83 (same).

In 1979 Congress sided with <u>Corley</u> and rejected <u>Tirasso</u> on this issue by inserting a cross-reference to the section 3161 exclusions in the amended section 3164. <u>See</u> Speedy Trial Act Amendments of 1979, Pub. L. No. 96-43, 93 Stat. 327, 329 (codified as amended at 18 U.S.C. § 3164(b)). But <u>Corley</u> had not dealt with whether the 90-day clock could be reset by dismissal and re-arrest on a new complaint, and neither the original nor the amended text of section 3164 deals expressly with the question whether the 90-day clock restarts. The argument that the plain language resolves the question is wrong: the statute does not even address the restart question.

Rather, the main argument for a negative answer depends on an inference from the fact that section 3161 says--albeit opaquely--that the 70-day clock does start afresh. But such negative inferences are merely possible readings, and the negative inference in this case is unpersuasive. Section 3164, intended as a temporary phase-in measure, never meshed perfectly with section 3161, which is evident from the original lack of explicit exclusions in section 3164. Otherwise, high-risk defendants would regularly have been discharged after 90 days long before the 70-day-plus-exclusions clock required them to be tried.

As for retrials, section 3162 explicitly allows for dismissal <u>without prejudice</u> after the 70-days-plus-exclusions clock expires, 18 U.S.C. § 3162(a)(2), inviting re-indictment. If the

70-day clock in such cases were not restarted, the new indictment would also be subject to dismissal automatically. So the restart of the 70-day clock is in any case implicit in the permission to re-indict. The opaque restart provision, 18 U.S.C. § 3161(d)(1), was merely spelling this out because of Tirasso, and its absence from section 3164 invites no negative inference against restarting that clock as well.

Finally, it is unimaginable that Congress intended to permit re-indictment on the same offense but contemplated that a dangerous defendant or one who poses a risk of flight would automatically be freed because 90 days plus exclusions had expired on the detention under a prior charge and indictment. One of the purposes of assuring a speedy trial is "to avoid . . . an extended period of pretrial freedom by the defendant during which time he may flee, commit other crimes, or intimidate witnesses." Hastings, 847 F.2d at 924 (quoting A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974, at 12 (1980)). To refuse to restart the 90-day clock following arrest and a new indictment is to frustrate a central purpose of the Speedy Trial Act itself.

Worthy's trial recently commenced in federal district court in Maine and (it appears) has now ended with convictions on all four counts. Since section 3164(c) applies to detainees "held in custody pending trial," the appeal may technically be moot, although no party has so suggested. However, the resetting of the

section 3164 clock is a recurring issue,[4] and mootness is not a bar for issues like this one that are "capable of repetition, yet evading review." Libertarian Party of N.H. v. Gardner, 638 F.3d 6, 12 (1st Cir. 2011) (quoting Cruz v. Farquharson, 252 F.3d 530, 534 (1st Cir. 2001)).

We therefore hold that when an indictment is dismissed upon the motion of a defendant, the dismissal is without prejudice and that defendant is again detained awaiting trial, section 3164's 90-day clock restarts at the moment that the defendant is re-arrested, regardless of the nature of the charges in the new complaint. The district court's order of release is reversed.

---

[4]See, e.g., United States v. Colon, 831 F. Supp. 912, 916-18 (D. Mass. 1993); see also United States v. Jaimes-Oliveros, No. 4:CR 10-324-BLW, 2011 U.S. Dist. LEXIS 53553, at *12-13 (D. Idaho May 18, 2011); United States v. Wilcox, No. 06-445, 2007 U.S. Dist. LEXIS 94046, at *7-8 (E.D. Pa. Dec. 26, 2007).