UNITED STATES of America, Plaintiff-Appellee,

v.

Frans J. THERON, Defendant-Appellant.

Frans J. THERON, Petitioner,

v.

Honorable Earl E. O'CONNOR, United States District Judge for the District of Kansas, Respondent.

Nos. 85–2881, 85–2882.

United States Court of Appeals, Tenth Circuit.

Jan. 31, 1986.

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, *sitting by designation.*

Peter B. Bennett, Thomas L. Weisenbeck, and John M. Simon, of Hannoch Weisman, Roseland, N.J., and Bruce C. Houdek, of James, Millert, Houdek, Tyrl & Somers, Kansas City, Mo., for petitioner and defendant-appellant.

Benjamin L. Burgess, Jr., U.S. Atty., and Richard L. Hathaway, Asst. U.S. Atty., Topeka, Kan., for respondent and plaintiff-appellee.

Before McKAY, LOGAN, and MOORE, Circuit Judges.

LOGAN, Circuit Judge.

We have before us an application for a writ of mandamus and an appeal, permitted by Fed.R.App.P. 9(a), of a district court's refusal to release a criminal defendant from custody pending trial. Petitioner-defendant, Frans J. Theron, seeks a writ of mandamus ordering the trial judge to either commence his criminal trial or dismiss the indictment against him pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. Thereon also appeals the district court's refusal to release him from custody pending trial, asserting that his continued detention violates 18 U.S.C. § 3164 and his constitutional due process rights.

On September 11, 1985, Theron and eleven others were indicted in the United States District Court for the District of Kansas on sixty-four counts of conspiracy and mail fraud. On September 20, 1985, Theron surrendered to California authorities and has since been detained. He was transferred to Kansas and ordered held without bail there because that court found he presented a risk of flight under 18 U.S.C. § 3142(b). Theron appealed this decision to the United States Court of Appeals for the Tenth Circuit; we affirmed the district court's denial of bail. *United States v. Theron*, No. 85–2564 (10th Cir. Dec. 18, 1985).

On November 25, while the bail appeal was pending, the district court heard a motion by ten of Theron's codefendants who had been released on bail and who argued that the case should be continued because of its complexity. Despite Theron's opposition to this motion, the court granted a continuance based on an "ends-of-justice" finding pursuant to 18 U.S.C. § 3161(h)(8). Theron then filed a motion under the Speedy Trial Act for an immediate trial or dismissal of his indictment because he was not going to be tried within seventy days of his indictment, as required by 18 U.S.C. § 3161(c)(1). The district court denied this motion. *United States v.*

*Theron,* No. 85–20068–02 (D.Kan. Dec. 23, 1985). This denial is the subject of Theron's mandamus action, No. 85–2882, before us.

On December 17, 1985, the district court heard Theron's motion for severance and release pending trial. Theron argued that he could not be detained more than ninety days without bail. The district court also denied this motion. *United States v. Theron,* No. 85–20068–02 (D.Kan. Dec. 23, 1985). After the court's oral ruling, Theron, pursuant to Fed.R.App.P. 9(a), made a motion to an individual appellate judge that the district court's order denying his release be stayed and that he be released on bail pending disposition of his appeal of the district court's order. The judge denied relief, submitting the appeal to this three-judge panel, No. 85–2881.

## I

The Speedy Trial Act requires that a defendant be tried "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). This seventy-day period is subject to exclusions of time under § 3161(h). Section 3161(h)(8) excludes from the seventy-day period:

> "(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that *the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.* No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such con-

tinuance outweigh the best interests of the public and the defendant in a speedy trial."

(emphasis added). Theron argues that the district court erred in granting an ends-of-justice continuance pursuant to 18 U.S.C. § 3161(h)(8) and excluding that time from the seventy-day period.

The district court recognized that it could not base an ends-of-justice continuance on the congestion of its own calendar and denied doing so. *See* 18 U.S.C. § 3161(h)(8)(C). The court stated that its own schedule would permit an immediate trial. Memorandum and Order of Dec. 23, 1985, at 11. It also denied basing the continuance on the government's need to prepare, noting that "the government has consistently maintained that it is prepared to go to trial," *id.* at 7, and that the government did not oppose the continuance only because it feared a de facto severance, *id.* at 8. The court stated that it relied on the complexity of the case and that failure to grant the continuance would result in "an inability of defendants adequately to prepare for trial." *Id.* at 10. It added that its decision "is based primarily on a desire to safeguard the rights of all the defendants. We simply believe at this juncture of the case that it is in the interests of justice to try all twelve defendants at one time." *Id.* at 11.

Defendant Theron at all times has claimed his right to be tried within the seventy-day Speedy Trial Act limitation. He moved for a severance and an immediate trial, did not join any of his codefendants' motions, and was willing to be tried immediately even if it meant waiving certain rights. Transcript of Nov. 25 hearing at 22–23. Thus the court's continuance could not have been based on Theron's need for more preparation time.

■ It appears that the trial court relied on three other factors to justify the continuance: (1) the codefendants' need for preparation time; (2) the complexity of the case; and (3) the desirability of trying all defendants at once. In the context of this case these are either improper or insufficient

factors to justify an ends-of-justice continuance under § 3161(h)(8).[1]

First, that section requires the court to find that the ends of justice "outweigh the best interest of the public *and the defendant* in a speedy trial." 18 U.S.C. § 3161(h)(8)(A) (emphasis added). It does not say that the court may weigh the interests of codefendants. Subsection (h)(7) treats exclusions of time because codefendants are in the case, not subsection (h)(8). This defendant used all means available to him to secure an immediate trial; his desire and his position as a defendant who is not out on bail must weigh strongly in favor of applying the seventy-day limitation of the Act.

Second, although Congress recognized that an ends-of-justice exclusion often would be appropriate in trials of complex criminal conspiracies, it noted that "[e]ach time such a continuance is granted in a complicated case the judge will still have to weigh the right of society and the defendant to a speedy trial against the 'ends of justice.'" *United States v. Carrasquillo,* 667 F.2d 382, 387 (3d Cir.1981) (quoting S.Rep. No. 93–1021). Thus the complexity of a case does not automatically justify an ends-of-justice continuance.

Finally, the hard question is whether the coincidence of a complex case *and* multiple defendants, without more, outweighs the interest of this defendant in a prompt trial. This incarcerated defendant's only contribution to the need for delay is his *alleged* participation with the codefendants in a complex scheme *alleged* to be illegal. In holding that complexity plus multiple defendants are not enough, by themselves, we are influenced by Congress' express intent that the ends-of-justice exception be used rarely and only in narrow circumstances:

> "The history of speedy trial legislation has shown that both the defense and the prosecution rely upon delay as a tactic in the trial of criminal cases. However, from the defendant's point of view, delay is not synonymous with due process. A defendant who is required to wait long periods to be tried suffers from a magnitude of disabilities which in no way contribute to his well being. If he is incarcerated awaiting trial, unnecessary delay in the commencement of the trial could result in irreparable injury to an innocent individual. To one who is ultimately found guilty of a criminal offense, the time spent in detention may represent added time to his ultimate sentence and further retard the rehabilitative process."

H.R.Rep. No. 1508, 93d Cong., 2d Sess. 4, *reprinted in* 1974 U.S.Code Cong. & Ad. News, 7401, 7407–08; *see also United States v. Frey,* 735 F.2d 350, 352 (9th Cir. 1984); *Carrasquillo,* 667 F.2d at 387.

Also, holding that a complex multiple defendant case is enough to toll the Act under subsection (h)(8) would emasculate the specific separate provision in subsection (h)(7), which excludes from the seventy-day limitation "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for sever-

---

1. The standard of review of a district court's decision to grant a § 3161(h)(8) continuance depends on the nature of what we are reviewing. When the court has granted a continuance after weighing established facts proper to its consideration, we apply an abuse of discretion standard. *See United States v. Brooks,* 697 F.2d 517, 522 (3d Cir.1982), *cert. denied,* 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1983); *United States v. Aviles,* 623 F.2d 1192, 1196 (7th Cir.1980). If a factual finding underpinning the decision is at issue, we determine whether the finding is clearly erroneous. *United States v. Frey,* 735 F.2d 350, 352 (9th Cir.1984); *United States v. Guerrero,* 667 F.2d 862, 865 (10th Cir.

1981). But if we are considering the legal standards that the district court applied, and whether the court based its decision on factors not contemplated by the Speedy Trial Act, the standard is de novo review. *Frey,* 735 F.2d at 352; *United States v. Fielding,* 645 F.2d 719, 721 (9th Cir.1981). The de novo standard applies in part to the instant case because the court considered the interests of codefendants in delay as a factor. Although the other factors the court relied on are permissible under the Act, we find that any extended delay based solely on the complexity of the case and the number of defendants constitutes an abuse of discretion.

ance has been granted." We should, of course, read independent sections of a law to have separate meaning and application if possible. *See 62 Cases of Jam v. United States,* 340 U.S. 593, 596, 71 S.Ct. 515, 518, 95 L.Ed. 566 (1951); *Superior Oil Co. v. Andrus,* 656 F.2d 33, 40 (3d Cir.1981). Thus we find that the government and the court must look to subsection (h)(7) to protect their interests in trying complex conspiracy cases in a single trial.

We hold that the trial court's ends-of-justice finding was improper and did not toll the seventy-day period of the Speedy Trial Act.

## II

Section 3161(h)(7), the only other provision that might toll the seventy-day limitation period, provides:

"The following periods of delay *shall be excluded* in computing the time within which ... the trial of any such offense must commence: ...

(7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

18 U.S.C. § 3161(h)(7) (emphasis added). Unlike subsection (h)(8), subsection (h)(7) does not require the trial court to make findings. The instant case fits the language of the subsection: There are codefendants; no severance has been granted; and the time for trial has not run because those codefendants sought the continuance.

■ Clearly subsection (h)(7) extends the seventy-day period by some amount of time. The obvious purpose behind the exclusion is to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial. *See United States v. Campbell,* 706 F.2d 1138, 1142 (11th Cir.1983); *United States v. Edwards,* 627 F.2d 460, 461 (D.C.Cir. 1980). Courts have excluded extended

periods of delay when all defendants are out on bail. In such cases the courts generally have held that extensions sought by one codefendant toll the limitations period of all. *See, e.g., United States v. DeLuna,* 763 F.2d 897, 922–23 (8th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985); *Campbell,* 706 F.2d at 1142; *Edwards,* 627 F.2d at 461.

We note, however, that the subsection (h)(7) extension is only for "a reasonable period of delay." In determining reasonableness of the period excluded, all relevant circumstances must be considered. Because of 18 U.S.C. § 3164, a part of the same enactment, we are certain that the reasonable period extension of subsection (h)(7) reaches at least to ninety days. We do have problems reconciling § 3164 with the § 3161(h) exclusions, as discussed in part III of this opinion. Because we find that § 3164 requires bail or immediate trial, we decide no more than we must on the § 3161(h)(7) issue. We hold that the "reasonable period" extension under subsection (h)(7) has not yet run to force the dismissal of Theron's indictment.[2] In so holding we are influenced by the possibility that under § 3162(a)(2), Theron's indictment would be dismissed without prejudice in the circumstances of this case. *See United States v. Janik,* 723 F.2d 537, 546–47 (7th Cir.1983); *United States v. Perez-Reveles,* 715 F.2d 1348, 1353 (9th Cir.1983); *see also Frey,* 735 F.2d at 353–54. An immediate reindictment followed by reincarceration would lead to the same problems now before us. Thus a holding that the "reasonable delay" period had expired would not answer the real question before us—how long Theron may be incarcerated without being tried.

## III

Theron also contends that he must be released or tried pursuant to 18 U.S.C. § 3164.

---

**2.** In holding that the delay was reasonable in this case, we are influenced significantly by the ability of Theron to obtain relief from detention under § 3164. *See infra* at 1514–16. Were

this a case in which § 3164 was inapplicable, we would be far more likely to find that extended detention rendered the delay unreasonable.

Section 3164[3] provides that a defendant who has been detained for longer than ninety days must be released. That section provides, however, that "periods of delay enumerated in section 3161(h) are excluded in computing the time limitation." *Id.* Despite this language, Theron argues that § 3164(c) prohibits excluding periods of delay that result from the actions of codefendants. To understand his argument, it is necessary to review briefly the development of § 3164.

Before 1979, § 3164 did not expressly acknowledge the § 3161(h) delays to be exclusions applicable to § 3164's ninety-day limit on pretrial detention. Several courts, however, determined that the § 3161(h) exclusions also applied to the ninety-day pretrial detention period of § 3164. *See United States v. Corley,* 548 F.2d 1043, 1044 (D.C.Cir.1976); *United States v. Lewis,* 425 F.Supp. 1166, 1171 (D.Conn.1977); *United States v. Mejias,* 417 F.Supp. 579, 582 (S.D.N.Y.), *aff'd on other grounds sub nom., United States v. Martinez,* 538 F.2d 921 (2d Cir.1976); *United States v. Masko,* 415 F.Supp. 1317, 1323 (W.D.Wis.1976). The Ninth Circuit, however, disagreed with those courts that read the § 3161(h) exclusions into § 3164, and held that the ninety-day period of § 3164 could not be tolled. *See United States v. Tirasso,* 532 F.2d 1298 (9th Cir.1976).

In 1979, to resolve this split in the circuits, Congress amended § 3164. Speedy Trial Act Amendments of 1979, Pub.L. No. 96–43, 93 Stat. 327. It added the following unqualified language in § 3164(b): "The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." 93

Stat. at 329 (codified at 18 U.S.C. § 3164(b) ). The legislative history reveals that Congress intended to adopt the view of those courts that had applied the § 3161(h) exclusions to § 3164. *See* H.R. Rep. No. 96–390, 96th Cong., 1st Sess. 12, *reprinted in* 1979 U.S.Code Cong. & Ad. News 805, 816; *see also* Prepared Statement of Assistant Attorney General Philip B. Heymann, 1979 Senate Hearings, *reprinted in* A. Partridge, Legislative History of the Speedy Trial Act of 1974, at 252 (Fed. Jud. Center Aug. 1980) (hereinafter *Legislative History* ); 1979 Committee Report 35–36, *reprinted in Legislative History, supra* at 252; Section-by-Section Analysis of 1979 Justice Department Bill, Enclosure to Letter to Vice-President Walter F. Mondale from Attorney General Griffin B. Bell, *reprinted in Legislative History, supra* at 250.

Theron admits that, as a general matter, the § 3161(h) exclusions apply to § 3164. He contends, however, that the application of these exclusions is limited by the language in § 3164(c), which mandates a pretrial detainee's release if he has been detained longer than ninety days "through no fault of the accused or his counsel." In effect Theron suggests that, to give effect to § 3164(c), the only § 3161(h) exclusions that apply are those that can be attributed to a defendant's affirmative conduct. Reasoning from this premise, Theron asserts that delays his codefendants cause should not be imputed to him. He notes that he has moved for a severance, opposed all continuances, and is prepared to go to trial.

We are not persuaded. We agree with the district court's reasoning and its con-

---

3. Section 3164 provides in relevant part:
"**Persons detained or designated as being of high risk**
(a) The trial or other disposition of cases involving—
(1) a detained person who is being held in detention solely because he is awaiting trial,
. . .
(b) The trial of any person described in subsection (a)(1) ... shall commence not later than ninety days following the beginning of such continuous detention.... The periods of delay enumerated in section 3161(h)

are excluded in computing the time limitation specified in this section.
(c) Failure to commence trial of a detainee as specified in subsection (b), through no fault of the accused or his counsel, ... through no fault of the attorney for the Government, shall result in the automatic review by the court of the conditions of release. No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial."

clusion that Congress did not intend this parsing of the § 3161(h) exclusions. As the district court notes, were we to adopt Theron's theory, very few of the § 3161(h) exclusions would apply to § 3164. Memorandum and Order of Dec. 23, 1985, at 14.

We do recognize some of the problems of reading the § 3161(h) exclusions literally into § 3164. For example, if we find the time has run under § 3161, we must order dismissal of the indictment. But failure to commence trial within the time limits of § 3164 results in automatic review of the conditions of release and perhaps release on bail. 18 U.S.C. § 3164(c). To give effect to both statutes, we hold that the "reasonable delay" exclusion of § 3161(h)(7) has a different meaning and application under § 3164 than under § 3161, because of the different context in which it arises. What might be reasonable delay to accommodate conservation of public resources by trying codefendants together as an exception to the Speedy Trial Act's seventy-day limit might become unreasonable when a defendant is incarcerated for more than ninety days without a chance to make bail. Thus it is possible, as here, that subsection (h)(7) will not require dismissal of the indictment but will require that the defendant be tried or released.

In the instant case the district court found that the trial should be delayed until approximately eight months from the time Theron was taken into custody. Trial is set to commence no sooner than May 19, 1986. Further, Theron would remain detained during trial; estimates of the expected length of the trial range from two months to six months. Transcript of November 25 hearing at 6–A. At this time Theron already has been in custody more than four months.

If we did not construe the statute to require release or trial sooner than the dates the trial court has set, Theron's continued detention would present serious constitutional questions. As Congress recognized, at some point a pretrial detainee denied bail must be tried or released. Although pretrial detention is permissible when it serves a regulatory rather than a punitive purpose, we believe that valid pretrial detention assumes a punitive character when it is prolonged significantly. *See United States v. Affleck,* 765 F.2d 944, 958–59 (10th Cir.1985) (McKay, J., dissenting). Recently two other courts have suggested that extended pretrial detention may violate due process. *See United States v. Columbo,* 777 F.2d 96, 101 (2d Cir.1985); *United States v. Hazzard,* 598 F.Supp. 1442, 1451 n. 5 (N.D.Ill.1984). Further, two decisions have found due process violations and have ordered defendants released on bail because of the length of their pretrial detention. *See United States v. Lo Franco,* 620 F.Supp. 1324 (N.D.N.Y.1985) (six-month detention); *United States v. Hall,* No. 85–CR–87 (N.D.N.Y. Oct. 18, 1985) (six-month detention). There is a strong preference for construing a statute to avoid constitutional questions. *See United States v. Clark,* 445 U.S. 23, 27, 100 S.Ct. 895, 899, 63 L.Ed.2d 171 (1980).

Congress obviously contemplated some extension of the ninety-day limit on incarceration before trial when it incorporated the § 3161(h) exclusions into § 3164. We think some extension is constitutionally permissible. Delays, for example, that the defendant caused would not raise a problem. Congress provided no guidelines for a maximum time except the statutory admonition that the period be "reasonable" and our own notions of constitutional due process limits, informed by the writings of our judicial colleagues who have been forced to think about the issue. We do not establish a bright line here; rather we decide only the case before us. Theron has been incarcerated without bail for more than four months. He took no steps to delay trial; he sought immediate trial and announced he was ready to defend. The government asserted it was ready to prosecute. We have no hesitancy in saying that in such circumstances four months additional incarceration before trial is too long. Theron must be released on bond with oth-

er appropriate restrictions or tried within the next thirty days.

IT IS SO ORDERED.