**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael GELFUSO, Peter John Milano
and Luigi Gelfuso,
Defendants–Appellants.**

Nos. 87–5306, 87–5308 and 87–5321.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 22, 1987 *.

Order Dec. 31, 1987.

Decided Feb. 1, 1988.

Errol H. Stambler, Los Angeles, Cal., Donald B. Marks, Marks & Brooklier, Beverly Hills, Cal., John P. Martin, Deputy Federal Public Defender, Los Angeles, Cal., for defendants-appellants.

Richard A. Small, Sp. Atty., U.S. Dept. of Justice, Los Angeles, Cal., for plaintiff-appellee.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before WALLACE, ANDERSON and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Michael Gelfuso, Peter John Milano and Luigi Gelfuso appeal from the district court's orders denying their motions for reconsideration of their pretrial detention orders under the Bail Reform Act of 1984, 18 U.S.C. § 3142. They contend that their continued detention violates due process.

On May 21, 1987, Michael Gelfuso, Peter John Milano and Luigi Gelfuso were indicted in a multi-count indictment charging them with racketeering and loansharking violations, conspiracy and attempt to distribute cocaine, and distribution of cocaine. After detention hearings on the government's motions, they were ordered detained under the Bail Reform Act of 1984, 18 U.S.C. § 3142. The district court affirmed the detention orders under 18 U.S.C. § 3145(b), finding that no condition or combination of conditions would reasonably assure the safety of the community. The district court also found Michael Gelfuso and Luigi Gelfuso to be flight risks.

The defendants did not appeal the district court's denial of their motions for revocation of their detention orders. Instead, they moved the district court three months later for reconsideration of their detention orders, contending that the duration of their pretrial detention violates the fifth amendment's prohibition against punishment without adjudication of guilt. The district court denied their reconsideration motions. These appeals follow.

Several Circuits have recognized that the length of pretrial detention raises a constitutional issue at some point. *See e.g., United States v. Portes*, 786 F.2d 758, 768 (7th Cir.1986); *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir.1986); *United States v. Gonzales–Claudio*, 806 F.2d 334, 343 (2d Cir.1986); *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir.1986). The Supreme Court, however, has declined to identify at what point pretrial detention might be excessively prolonged and therefore punitive rather than regulatory. *United States v. Salerno*, —— U.S. ——, 107 S.Ct. 2095, 2101 n. 4, 95 L.Ed.2d 697 (1987).

■ Like the Second Circuit, we find that the due process limit on the length of pretrial detention requires assessment on a case-by-case basis. *United States v. Gonzales–Claudio*, 806 F.2d at 340. We consider the length of confinement in conjunction with the extent to which the prosecution bears responsibility for the delay that has ensued. *Id.*

■ In the present cases, the defendants have been detained since June 1987. Their trial is now scheduled to begin March 1, 1988, ten months after their detention began. They contend that the government's failure to deliver over 600 hours of taped conversations required them to move for a trial continuance to enable them to review the tapes.[1] The district court found, however, that the government had not denied the defendants access to the tapes except during "a relatively short period" while the tapes were being copied, and that the government was not responsible for the pretrial delay. The record supports these findings. Under these circumstances, the defendants' due process rights have not been violated. We do not decide whether, absent the government's lack of responsibility for pretrial delay, preventive detention under the Bail Reform Act of ten months to the commencement of trial, plus time consumed in trial, reaches the point at which pretrial detention violates the defendants' due process rights. The Supreme Court has stated that "the maximum length of pretrial detention is limited by the stringent time limitations of the Speedy Trial Act." *United States v. Salerno*, ——

---

1. Unlike the defendant in *United States v. Theron*, 782 F.2d 1510 (10th Cir.1986), who did not join in his co-defendants' motion for a continuance and who moved for a severance, Milano, Luigi Gelfuso and Michael Gelfuso all moved for a continuance to enable them to review the tapes and prepare for trial.

U.S. ——, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987). The Court, however, referenced this statement to a footnote in which the Court stated: "We intimate no view as to the point at which detention in a particular case might become excessively prolonged, and therefore punitive, in relation to Congress' regulatory goal." *Id.* n. 4. We also note that periods of delay occasioned by any of the circumstances mentioned in section 3161(h) of the Speedy Trial Act are excluded in computing the Act's time limitations. 18 U.S.C. § 3164(b). Like the Court in *Salerno,* however, we intimate no view as to the point at which detention in a particular case might become excessively prolonged and violate due process.

AFFIRMED.