850 F.2d 690
 26 Fed. R. Evid. Serv. 50
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Eugene ANDERSON, Defendant-Appellant.
 No. 88-5006.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 6, 1988.
Decided: June 17, 1988.
 
 Hayden J. Silver, III (Moore & Van Allen, on brief), for appellant.
 Thomas J. Ashcraft, United States Attorney (H. Thomas Church, Assistant United States Attorney, on brief), for appellee.
 Before WIDENER and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Donald Eugene Anderson appeals his jury conviction of conspiracy to possess and distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 846, 841(a)(1) and 18 U.S.C. Sec. 2. Specifically, Anderson contends that the district court abused its discretion in admitting extrinsic evidence of prior drug transactions not charged in the indictment. Anderson also contends that the trial court erred in denying his motion to dismiss under the Speedy Trial Act, 18 U.S.C. Sec. 3164. We affirm.
 
 
 2
 On April 8, 1987, Anderson, a/k/a Robert Paul Jones, was indicted along with Kathy Frye, William Jackson and Mohammad Al-Abdullah for conspiracy to possess and possession with intent to distribute more than one kilogram of cocaine. The overt acts charged in the indictment allegedly took place on or about March 12, 1987. Anderson was tried alone before a jury beginning on October 6, 1987, the other defendants having entered into plea agreements.[1] On October 8, 1987, Anderson was found guilty of the aforementioned charges and sentenced to 30 years' imprisonment under each count, to be served concurrently.
 
 
 3
 The government's evidence included the testimony of various law enforcement officials, the testimony of codefendants Jackson, Frye, and Al-Abdullah, and the testimony of Bonnie Sparks, a government informant. The testimony of Jackson, Abdullah, Frye and Sparks covered two time periods. The first concerned their activities and involvement with Anderson prior to the transactions alleged to have occurred on March 12, 1987. The second portion of their testimony described the events of March 12, 1987.
 
 
 4
 Anderson argues that it was error for the district court to admit evidence of drug transactions and his involvement with prostitutes Sparks and Frye which occurred as much as five months prior to the events of March 12, 1987. Anderson contends that this "bad acts" evidence was improperly admitted under Fed.R.Evid. 404(b) because, in addition to being highly prejudicial with minimal probative value, the court failed to properly consider whether the admission of this evidence was necessary to the government's case in chief. Anderson also argues that the district court improperly excluded a period of delay due to a continuance in computing the 90-day time limitation of the Speedy Trial Act.
 
 
 5
 We find no merit in Anderson's Speedy Trial claim. Contrary to Anderson's argument, the 90-day deadline imposed by the Speedy Trial Act, 18 U.S.C. Sec. 3164, is explicitly subject to the exclusions listed in section 3161(h). See United States v. Theron, 782 F.2d 1510, 1515-16 (10th Cir.1986). Anderson's trial was delayed beyond 90 days by two continuances. The first was requested by Anderson's codefendant in order to conduct plea agreement negotiations, and Anderson was bound by this exclusion from the 90-day period. 18 U.S.C. Sec. 3161(h)(7). Then, on the day of trial, Anderson withdrew his plea of guilty, and the government was granted a second continuance. In granting this continuance the judge found, in accordance with section 3161(h)(8)(A), that "the ends of justice served by [allowing a continuance] ... outweigh the best interest of the public and the defendant in a speedy trial." The reasons for this finding are obvious from the face and context of his order; both Anderson and the government required time to prepare a case they had not planned to try. Thus, Anderson was tried within 90 days of his indictment, not counting those periods of time excluded by section 3161(h).
 
 
 6
 While Rule 404(b) prohibits the admission of extrinsic evidence "to prove the character of a person in order to show he acted in conformity therewith," the Rule permits the admission of such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). In addition, this Court must defer to the trial court's decision to admit "bad acts" evidence "unless it is an arbitrary or irrational exercise of discretion. Garraghty v. Jordan, 830 F.2d 1295, 1298 (4th Cir.1987). Here, codefendant Frye's testimony was relevant to show how Anderson used his relationship with her as a prostitute to lure her into the cocaine business. Likewise, Frye's testimony about Anderson's use of birth certificates to establish multiple identities, as well as Jackson's and Al-Abdullah's testimony of prior drug transactions, was relevant and necessary to show the "preparation, planning, and background of the conspiracy actually charged in the indictment." See United States v. Percy, 765 F.2d 1199, 1203 (4th Cir.1985). Moreover, the trial court's curative instruction to the jury adequately focused their attention away from the Rule 404(b) evidence.[2] We are persuaded that the probative value of this evidence was not substantially outweighed by its prejudicial effect. Finding no error, the judgment of the district court is therefore affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Anderson initially entered into a plea agreement, which was later withdrawn with the court's permission
 
 
 [2]
 The court instructed the jury that
 the defendant is not on trial for any act of conduct not alleged in the indictment. Evidence that the defendant may have committed at some other time any acts similar to the act or acts alleged in the indictment of this case cannot be considered by you in determining whether the defendant in fact committed any act alleged in the indictment.