996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kathleen Joan JOHNSON, Defendant-Appellant.
 No. 92-8054.
 United States Court of Appeals, Tenth Circuit.
 June 23, 1993.
 
 Before LOGAN, SEYMOUR, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant appeals her convictions for bank fraud, 18 U.S.C. § 1344, and fraudulent use of a false social security number, 42 U.S.C. § 408(g)(2). Defendant claims that (1) her statutory right to a speedy trial was violated, (2) statements by the prosecutor during cross-examination of Defendant amounted to prosecutorial misconduct, and (3) a jury instruction constructively amended the false social security number charge as alleged in the indictment and the indictment insufficiently charged this crime. We have jurisdiction under 28 U.S.C. § 1291.
 
 
 2
 In November 1991, Defendant was charged in a two count indictment. Count 1 charged that Defendant, beginning in December 1984, executed a scheme to obtain funds under the custody of Rocky Mountain Federal Savings and Loan Association by means of false and fraudulent pretenses and representations. Defendant, while attending the University of Wyoming, applied for and received federal student financial aid. On the financial aid applications, Defendant falsely stated that she was a United States citizen.
 
 Count 2 charged that:
 
 3
 On or about May 21, 1987, in the District of Wyoming, [Defendant], with the intent to deceive, falsely represented a social security account number, which number is not the social security account number assigned to [Defendant], to-wit:
 
 
 4
 On the 1987 Form W-4A, [Defendant], falsely represented that Defendant's social security account number was hjs-wd-rynnwhen, in fact, the social security number assigned to [Defendant] is wtn-lo-jgtk
 
 
 5
 In violation of 42 U.S.C. § 408(g)(2).
 
 
 6
 On January 28, 1992, Defendant appeared before the district court and entered a plea of not guilty. Defendant's trial was initially set for March 2, 1992, but was continued by the court due to a conflict with another criminal case. The time for trial under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, was to expire on March 17, 1992. In the meantime, the district judge discovered that he had cancer and required immediate surgery. The Government notified Defendant that the trial had to be delayed due to the judge's impending surgery and Defendant consented to the Government's request for a continuance.[1] On March 5, 1992, the Government filed a motion for a continuance or exclusion of time. On the same day, the court granted the Government's motion, excluding, for purposes of the Speedy Trial Act, the computation of time between March 17, 1992 and the commencement of trial. 18 U.S.C. § 3161(h)(8)(A). In the order the court stated, "the ends of justice served hereby would outweigh the interest of the public and the Defendant in a speedy trial."
 
 
 7
 The district judge returned to the bench in late April. On May 28, 1992, the court sent notice that Defendant's trial would commence on June 15, 1992. On June 2, 1992, Defendant filed a motion to dismiss on the ground that her right to a speedy trial was violated. The district court denied the motion finding that Defendant was not prejudiced, Defendant had failed to request an earlier trial date, and due to the judge's medical emergency, the ends of justice served by the granting of the continuance outweighed the interests of the public and Defendant in a speedy trial. Defendant's trial was thereafter commenced one hundred and forty-four days--without taking excludable time into account--after Defendant appeared before the court. During this entire time, Defendant remained free on bail.
 
 
 8
 After a four-day trial, the jury convicted Defendant on both counts. Defendant was sentenced to four months imprisonment to be followed by three years of supervised release. After Defendant served thirty days of her four month sentence, the court granted Defendant's motion for release pending appeal.
 
 I.
 
 9
 Defendant first contends that the district court erred in denying her motion to dismiss based on her statutory right to a speedy trial. Defendant claims that the court violated the Speedy Trial Act by granting the ends of justice continuance without setting forth appropriate reasons on the record. When reviewing the district court's grant of a continuance upon the court's weighing of facts proper to its consideration, we review for abuse of discretion. United States v. Theron, 782 F.2d 1510, 1513 n. 1 (10th Cir.1986). When a factual finding is at issue we review for clear error, and when considering the legal standards that the district court applied we review de novo. Id.
 
 
 10
 The Speedy Trial Act requires that trial commence "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The same section, however, also provides that certain "periods of delay shall be excluded ... in computing the time within which the trial ... must commence." Id. § 3161(h). Included among the Act's periods of excludable delay is:
 
 
 11
 [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.
 
 
 12
 Id. § 3161(h)(8)(A). Time is excludable under this subsection only if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Id. Although the court must make the requisite findings contemporaneously with the granting of an ends of justice continuance, these findings may be entered on the record after the fact. United States v. Doran, 882 F.2d 1511, 1516 (10th Cir.1989). If entered after the fact, however, it must be clear from the record that the court did consider the factors identified by the Act when it granted the continuance. Id. at 1516-17.
 
 
 13
 First, contrary to Defendant's assertion, the Speedy Trial Act is not violated simply because the court failed to enter its findings supporting an ends of justice continuance at the time it granted the continuance. See Doran, 882 F.2d at 1516 (findings may be entered at later date provided that balancing occurred contemporaneously with granting of continuance). Further, in its order granting the continuance, the court specifically stated that "the ends of justice served hereby would outweigh the interest of the public and the Defendant in a speedy trial." This language makes it clear that, at the time it granted the continuance, the court struck the proper balance. See Doran, 882 F.2d at 1517 (citing with approval Third Circuit case, United States v. Brooks, 697 F.2d 517, 521-22 (3d Cir.1982), cert. denied, 460 U.S. 1073 (1983), where order granting continuance referred to ends of justice and findings supporting determination were not entered until defendant filed motion to dismiss).
 
 
 14
 We now turn to the issue of whether the court's findings, entered in the record when the court denied Defendant's motion to dismiss, support the court's earlier grant of an ends of justice continuance. In denying Defendant's motion to dismiss, the court specifically found that the judge's medical emergency required that the continuance be granted. Defendant does not, nor could she, seriously contend that the judge's illness was an inappropriate ground for granting an ends of justice continuance. Rather, Defendant complains that the court technically violated the Speedy Trial Act by granting the continuance without mentioning, on the record, any of the specific factors listed in subsection B of § 3161(h)(8).
 
 
 15
 Subsection B of § 3161(h)(8) lists examples of legitimate reasons for granting an ends of justice continuance. Doran, 882 F.2d at 1516. One example listed in subsection B is whether the failure to grant the continuance "would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(i). The subsection B list, however, is nonexclusive, Doran, 882 F.2d at 1516, and as such, a district court may grant an ends of justice continuance without necessarily considering any of the listed factors. In any event, the court's statement in the instant case that "this Judge's medical emergency provided no alternative but to reset the defendant's trial," makes it clear that the court relied on subsection B(i)--i.e., that a continuation of the proceeding would be impossible without a continuance. Moreover, "[t]he legislative history of the Speedy Trial Act indicates that the illness of a judge was precisely the kind of situation which would justify a continuance under [subsection B(i) ]." United States v. Ferris, 751 F.2d 436, 441 (1st Cir.1984) (citing S.Rep. No. 1021, 93rd Cong., 2nd Sess., reprinted in A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974 (Fed. Judicial Center 1980), at 162). We therefore conclude that the continuance was not granted in violation of the Speedy Trial Act.[2]
 
 II.
 
 16
 Defendant's second claim is that the prosecutor engaged in misconduct justifying reversal of her conviction. Defendant claims that the prosecutor made improper and prejudicial comments during her cross-examination of Defendant.
 
 
 17
 On direct examination, Defendant testified that, in 1979, she and her then husband, John Johnson, filled out the appropriate immigration forms for Defendant to become a United States citizen. This testimony, if credited by the jury, supported Defendant's defense that she believed that she was a United States citizen when she applied for and received federal student financial aid. On cross-examination of Defendant, the prosecuting attorney attempted to show that Mr. Johnson never filled out immigration forms for Defendant. The cross-examination went as follows:
 
 
 18
 Q. Now my understanding is that John Johnson never did fill out any forms for immigration for you; isn't that correct?
 
 
 19
 A. I have no idea where you got that information.
 
 
 20
 Q. Did he fill out any forms for you?
 
 
 21
 A. We filled out forms together.
 
 
 22
 Q. And he should recall that?
 
 
 23
 A. He should recall that.
 
 
 24
 Q. If I told you I had a conversation with Mr. Johnson a couple of days ago and he said he never filled out any form for immigration, what would your answer be, that he's mistaken?
 
 
 25
 At this point, Defendant objected that the question was beyond the scope of direct and that it referred to a witness not available to testify. The court overruled the objection stating that the witness could be brought in on rebuttal. Defendant answered the question, "I would be very surprised." The Government did not call Mr. Johnson on rebuttal.
 
 
 26
 We apply a two-step analysis in reviewing a claim of prosecutorial misconduct. United States v. Lonedog, 929 F.2d 568, 572 (10th Cir.), cert. denied, 112 S.Ct. 164 (1991). First, we determine whether the conduct was improper, and, if so, we must then determine whether it warrants reversal. Id. Misconduct does not warrant reversal if it is harmless error. Id. In determining whether error is harmless we consider "the curative acts of the district court, the extent of the misconduct, and the role of the misconduct within the case as a whole." Id. (citations omitted). "This court will overturn a jury verdict based on a prosecutor's comments if they 'were enough to influence the jury to render a conviction on grounds beyond the admissible evidence presented.' " United States v. Santiago, 977 F.2d 517, 519 (10th Cir.1992) (quoting United States v. Dickey, 736 F.2d 571, 596 (10th Cir.1984), cert. denied, 469 U.S. 1188 (1985)).
 
 
 27
 We agree that, given the fact that Mr. Johnson did not testify, the prosecutor's statement that she had spoken with Mr. Johnson and he told her that he never filled out immigration forms for Defendant was improper. Cf. United States v. Ellzey, 936 F.2d 492, 496 (10th Cir.) (prosecutor improperly expressed personal belief), cert. denied, 112 S.Ct. 400 (1991). However, we conclude that the statement was harmless error. The prosecutor's statement arose during a few brief moments in a trial that lasted four days. Defendant, during the cross-examination, reiterated her testimony, on direct, that she and Mr. Johnson did fill out the forms. Any residual prejudice was cured by the court's later instructions to the jury that it must base its verdict on the evidence, and evidence does not include arguments made by the lawyers. See id. at 498. Finally, the record contains ample evidence from which the jury could conclude that Defendant knew that she was not a United States citizen when she applied for and received financial aid. For example, an investigator for the Immigration and Naturalization Service ("INS") testified that the INS never received an immigration form completed by Defendant and Mr. Johnson; Defendant's former lawyer testified that although he received the blank forms from the INS, he could not recall Defendant and Mr. Johnson completing such forms and returning them to him; Defendant testified that she was never informed by the INS that she had become a citizen; and an investigator for the Department of Education testified that Defendant told him in 1991 that she has never been a United States citizen. Therefore, the jury did not render a conviction on grounds beyond the admissible evidence presented, making the prosecutor's statements harmless error.
 
 III.
 
 28
 Defendant contends that a jury instruction on the false social security number charge constructively amended count 2 of the indictment because it contained the words, "for any purpose" whereas count 2 of the indictment did not. Defendant also claims that, because count 2 of the indictment did not charge Defendant with having a purpose when she falsely represented a social security number, the indictment was insufficient.
 
 
 29
 In United States v. Darrell, 828 F.2d 644, (10th Cir.1987), we stated that in order to prove a violation of 42 U.S.C. § 408(g)(2), the Government must prove that the defendant "(1) for any purpose, (2) with intent to deceive, (3) represented a particular social security account number to be his or another person's, (4) which representation was false." Id. at 646-47. These elements were taken directly from the language of the statute. See id. at 646; 42 U.S.C. § 408(g)(2). The instruction defined the elements of the offense charged in count 2 of the indictment against Defendant by tracking this language. Defendant's first argument, as we understand it, is not that the instruction, standing alone, is an incorrect statement of the law; rather, Defendant claims that because count 2 of the indictment did not recite the words "for any purpose," the jury instruction is a constructive amendment of the indictment.
 
 
 30
 "The Fifth Amendment requires that a felony defendant be tried only on an offense alleged in a grand jury indictment." United States v. Phillips, 869 F.2d 1361, 1364 (10th Cir.1988), cert. denied, 490 U.S. 1069 (1989). After an indictment has been returned, its charges may not be broadened through amendment effected by a court's instructions to the jury. Id. A jury instruction constructively amends an indictment if, together with the evidence presented at trial, the possibility is raised that the defendant was convicted of an offense other than that charged in the indictment. Hunter v. New Mexico, 916 F.2d 595, 599 (10th Cir.1990), cert. denied, 111 S.Ct. 1693 (1991). "In order to rise to this level, the change in the indictment must be more than the addition or deletion of nonessential factual averments. Rather, the amendment must effectively alter the substance of the indictment." Id. A jury instruction that broadens an indictment by expanding the bases of criminal liability is an impermissible constructive amendment. United States v. Sloan, 811 F.2d 1359, 1363 (10th Cir.1987); see also Phillips, 869 F.2d at 1371-72 (Seymour, J., dissenting).
 
 
 31
 The instruction did not constructively amend count 2 of the indictment. By adding the words, "for any purpose," the instruction, if anything, narrowed the indictment, requiring the Government to prove something more--i.e., that Defendant actually had a purpose in falsely representing her social security number--than what the indictment would have required the Government to prove. Defendant has cited no authority, nor can we find any, that a narrowing of an indictment, as opposed to an altering or broadening of an indictment, amounts to constructive amendment. Furthermore, Defendant has not alleged, nor could she, that the instruction raised the possibility that Defendant was convicted of an offense other than violation of 42 U.S.C. § 408(g)(2). The addition of the words "for any purpose," did not change the meaning of the charge from that presented to the grand jury, alter the Government's theory of the case, nor result in any prejudice to Defendant. See e.g., United States v. Hornung, 848 F.2d 1040, 1046-47 (10th Cir.1988), cert. denied, 489 U.S. 1069 (1989). The substance of count 2 remained the same--i.e., that Defendant, with the intent to deceive, falsely represented a particular social security number as her own on a 1987 W-4A form.
 
 
 32
 Defendant also claims that count 2 of the indictment is insufficient for failing to allege that Defendant had a purpose in falsely representing a social security number. Defendant claims that because the indictment did not include words "for any purpose," she was not put on notice that she would have to defend against the allegation that she had a purpose.
 
 
 33
 An indictment is generally sufficient if it contains the essential elements of the offense charged. United States v. Brown, No. 92-6233, 1993 U.S.App. LEXIS 13129, at * 33-35 (10th Cir. June 4, 1993). An indictment is not insufficient merely because it fails to recite the language of the underlying statute. United States v. Haddock, 956 F.2d 1534, 1542 (10th Cir.1992). Rather, where there is a challenge to an indictment asserting the absence of an element of the offense, the indictment is sufficient if it contains words of similar import to the alleged missing element. Brown, 1993 U.S.App. LEXIS 13129, at * 35-36. An indictment is insufficient if it fails to put the Defendant on fair notice of the charge against which he must defend. Haddock, 956 F.2d at 1542.
 
 
 34
 Even assuming, as Defendant argues, that an essential element of violating 42 U.S.C. § 408(g)(2) is that the defendant have a purpose in falsely representing a social security number--no matter what that purpose may be--count 2 of the indictment does not fail. Count 2 does allege that Defendant had a purpose in falsely representing a social security--i.e., it alleges she did so to fill out a 1987 W-4A form. See United States v. Barel, 939 F.2d 26, 34 (3d Cir.1991) (allegation that defendant used another's social security number to open bank account is within "for any purpose"); United States v. Silva-Chavez, 888 F.2d 1481, 1483 (5th Cir.1989) ("for any purpose" clause includes allegation of use of false social security number in application for driver's license). Furthermore, because count 2 of the indictment specifically cited the statute on which the charge was based, Defendant was given adequate notice of the charges she faced. See United States v. Chilcote, 724 F.2d 1498, 1505 (11th Cir.), cert. denied, 467 U.S. 1218 (1984).
 
 
 35
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 On appeal, Defendant claims that she only consented to a three-week continuance
 
 
 [2]
 Although the issue as to whether all of the delay in Defendant's trial was attributable to the judge's illness was interjected at oral argument by questions from the court, Defendant failed to raise this issue or any authorities in support of this issue in her brief. We therefore consider the issue waived and we decline to address it. See Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1558 n. 1 (10th Cir.1992) (issue not addressed in brief is waived); Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n. 6 (10th Cir.1992) (issue raised without supporting argument or authority is waived)