13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paula DENOGEAN, also known as Paula Rodriguez, Defendant-Appellant.
 No. 93-2282.
 United States Court of Appeals, Tenth Circuit.
 Nov. 24, 1993.
 
 Before SEYMOUR, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and those portions of the appellate record provided by the parties, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this appeal, authorized by Fed.R.Crim.P. 9(a), Defendant Denogean appeals the district court's refusal to release her from custody pending trial. She claims she is entitled to be released on bail pending her trial, because she was not brought to trial within the time limits of the Speedy Trial Act, 18 U.S.C. 3161-3174.
 
 
 3
 Ms. Denogean is charged with conspiracy to distribute more than 100 kilograms of marijuana, and money laundering. There are approximately twenty-two defendants in the case. Ms. Denogean has been incarcerated pending trial since October 21, 1992. Her trial is scheduled to commence January 10, 1994. Trial is expected to last for two months.
 
 
 4
 18 U.S.C. 3161(c)(1) requires that a defendant be tried "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Section 3161(h) enumerates the periods of delay that shall be excluded in computing the time by which trial must be held. 18 U.S.C. 3164 provides that an accused person who is being detained solely because she is awaiting trial must be tried not later than ninety days after the beginning of her detention, excluding the periods of delay enumerated in section 3161(h). However,
 
 
 5
 [w]hat might be reasonable delay to accommodate conservation of public resources by trying codefendants together as an exception to the Speedy Trial Act's seventy-day limit might become unreasonable when a defendant is incarcerated for more than ninety days without a chance to make bail.
 
 
 6
 United States v. Theron, 782 F.2d 1510, 1516 (10th Cir.1986).
 
 
 7
 Trial was initially set for April 5, 1993, then continued to August 16, 1993. The district court continued the August trial date based on 18 U.S.C. 3161(h)(7)(excluding reasonable delay attributable to codefendant) and (8)(A)(excluding delay where ends of justice outweigh interests of public and defendant in speedy trial). We held in Theron that the complexity of the case would not justify a delay under the ends-of-justice provision of subsection (h)(8)(A). See 782 F.2d at 1513-14. Therefore, the delays attributed to the other defendants in this case must be attributable to Ms. Denogean under subsection (h)(7) in order to justify the delay of trial. The latter subsection requires that any delay be reasonable. We do not specifically address whether the delay was reasonable under section 3161 because it is apparent from our decision in Theron that even though the delay may be reasonable under section 3161(h)(7), it "does not answer the real question before us--how long [Denogean] may be incarcerated without being tried." Theron, 782 F.2d at 1514.
 
 
 8
 We direct our attention to Ms. Denogean's claim that section 3164 requires that conditions of release be set. "Although pretrial detention is permissible when it serves a regulatory rather than a punitive purpose, we believe that valid pretrial detention assumes a punitive character when it is prolonged significantly." Theron, 782 F.2d at 1516 (citing United States v. Affleck, 765 F.2d 944, 958-59 (10th Cir.1985)(McKay, J., dissenting)).
 
 
 9
 Section 3164 requires trial within ninety days, excluding reasonable delays. No time can be excluded from the speedy trial deadline based on Ms. Denogean's pretrial motions because she filed virtually no pretrial motions. Although she did not file a formal motion for severance, the district court ordered that no severance would be granted. Order granting continuance dated July 28, 1993, at 4. Ms. Denogean has been incarcerated since October 21, 1992, or thirteen months. Trial is not set until January 10, 1994, almost two months from now. In Theron, the defendant had been incarcerated four months, only one month beyond the ninety-day period, and he had four months to wait for trial. We held this period too long.
 
 
 10
 The circumstances here are much more egregious than those in Theron. We conclude from this record that Ms. Denogean has been incarcerated beyond a reasonable time within the meaning of section 3164. She must therefore be immediately released on bond with appropriate restrictions pending her trial in this case.
 
 
 11
 The action is REMANDED to the district court for further proceedings consistent with this order and judgment. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3