85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin WOODRUFF, Petitioner-Appellant,
v.
ALAMEDA COUNTY SUPERIOR COURT, Respondent-Appellee.
 No. 95-16900.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Woodruff, a California state pretrial detainee, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition claiming his pretrial bail of $100,000 violates the Due Process Clause and the Eighth Amendment's prohibition against excessive bail. He contends his bail is excessive in light of his community ties, employment, and lack of violent criminal history; the absence of danger to state's witnesses, who are incarcerated; the lower bail set for a codefendant; the length of his detention; and the weakness of the evidence supporting the charges of assault with a deadly weapon, armed robbery, attempted armed robbery, and vehicle theft. For the reasons stated in the district court's order of August 28, 1995, we find no constitutional violation. See United States v. Salerno, 481 U.S. 739, 754-55 (1987) (bail is excessive if set at amount higher than amount necessary to ensure protection of government interests such as safety of individuals or community); Stack v. Boyle, 342 U.S. 1, 4-5 (1951) (bail is excessive if set at amount higher than amount reasonably calculated to ensure presence of accused at trial); United States v. Gelfuso, 838 F.2d 358, 359 (9th Cir.1988) (length of pretrial detention may violate due process).[1]
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The state notes that Woodruff's conviction on related federal charges would render this appeal moot. Despite Woodruff's recent federal conviction, however, the parties have not informed us of the dismissal of the state charges. Accordingly, we address Woodruff's claim on its merits
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal.