**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

WALTER BERNARD TAYLOR,

        Defendant - Appellant.

No. 15-3004
(D.C. No. 5:13-CR-40060-DDC-12)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **PHILLIPS**, and **MORITZ**, Circuit Judges.

Walter Bernard Taylor appeals from the district court's order requiring that he be detained pending trial. He argues that his detention violates his rights to a speedy trial and to due process. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we affirm.

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Along with several other persons, Mr. Taylor is charged with conspiracy to distribute more than 280 grams of cocaine in violation of 21 U.S.C. § 846. After a detention hearing in early October 2013, the magistrate judge decided that Mr. Taylor should be detained pending trial. The magistrate judge found by a preponderance of the evidence that no condition or combination of conditions for pretrial release would assure his appearance at trial and by clear and convincing evidence that no condition or combination of conditions would assure the safety of others or the community if he were released. *See* 18 U.S.C. § 3142(e), (f). Also, the magistrate judge recognized that there was a rebuttable presumption of detention because Mr. Taylor faces a term of imprisonment of ten years or more as his charge arises under the Controlled Substances Act. *See id.* § 3142(e)(3)(A). In addition, the magistrate judge found that the government has a strong case against Mr. Taylor, he is unemployed, he does not have substantial financial resources, he has prior felony drug convictions, and he has a significant prior criminal record. *See id.* § 3142(g) (requiring judicial officer to consider "(1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance"; "(2) the weight of the evidence against the person; (3) the history and characteristics of the person, including" defendant's "character, . . . family ties, employment, financial resources, . . . [and] criminal history"; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's

release"). After holding another hearing, the district court rejected Mr. Taylor's request to revoke the detention order.

Extensive pre-trial proceedings followed. Mr. Taylor filed several motions, or joined in motions filed by his co-defendants, including motions to designate the case as complex and toll a speedy trial, to sever co-defendants, to strike his alias from the indictment, for a pretrial hearing, for discovery, and to suppress wiretap evidence on three occasions.

On the last day permitted by the court's scheduling order, Mr. Taylor and his co-defendants moved to suppress wiretap evidence obtained by the government that was outside the jurisdiction of the state court judge, who authorized the wiretap. The district court granted the motion in part. This ruling resulted in further litigation concerning the government's need to obtain information to determine what wiretap evidence was jurisdictionally admissible.

On September 30, the government requested a continuance of the October 28, 2014, trial date to allow time to obtain and review wiretap information. The court granted a continuance and rescheduled the trial for June 1, 2015. In doing so, the court determined that the ends of justice outweighed the speedy-trial interests of Mr. Taylor and the public, because Mr. Taylor and his co-defendants had delayed filing the motion to suppress; the case is complex and unusual and presents a novel issue; and the government needs time to prepare for trial. *See id.* § 3161(h)(7)(B) (listing factors to consider before granting continuance). Thus, the court decided that

the delay between October 28, 2014, and June 1, 2015, is excludable from the speedy-trial calculation.

After the court granted the continuance, Mr. Taylor moved to reopen the detention order under 18 U.S.C. § 3142(f) based on new information concerning the length of his detention and under 18 U.S.C. § 3164(b) for violation of his right to a speedy trial. The magistrate judge denied the motion. Subsequently, the district court denied Mr. Taylor's second motion for revocation of the detention order. Noting there was not even a close question, the court stated that detention was appropriate because Mr. Taylor was unemployed, lacked financial resources, had an extensive criminal record of felony drug convictions, and the current charges carried a presumption of detention. The court found that there was no condition or combination of conditions of release that would assure Mr. Taylor's appearance at trial and no condition or combination of conditions that would assure the safety of others or the community if he were released. Also, the court determined that the interests of justice served by the continuance outweighed Mr. Taylor's interest in a speedy trial and that his due process rights were not violated in light of his decisions to file numerous pretrial motions. This appeal followed.

## ANALYSIS

### I. Review Standards

Deciding if the district court erred in denying pretrial release "involves questions of fact and mixed questions of law and fact. We apply de novo review to

mixed questions of law and fact concerning the detention . . . decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). "On clear error review, our role is not to re-weigh the evidence; rather, our review of the district court's finding is significantly deferential." *United States v. Gilgert*, 314 F.3d 506, 515-16 (10th Cir. 2002) (internal quotation marks omitted).

## II. Speedy Trial

Mr. Taylor argues that his continued detention violates the speedy-trial requirement of § 3164(b) that a defendant who has been detained for greater than ninety days must be released. Noting that he will have been incarcerated for more than two years before trial, he contends that the district court erred in failing to exclude from the ninety-day calculation the time between the original trial date of October 28, 2014, and the rescheduled trial date of June 1, 2015, when the court granted an ends-of-justice continuance under § 3161(h)(7).

The district court granted the continuance because Mr. Taylor moved to suppress wiretap evidence on the last possible day for filing pretrial motions and because he never asserted that the motion could not have been filed any sooner. Mr. Taylor, however, believes that the court should have considered whether the government could have sought wiretap information as soon as it received notice of the motion to suppress, but, instead, waited to seek that information until after the district court ruled on the motion.

Under 18 U.S.C. § 3161(h)(7)(A), time is excluded under § 3164(b) when the district court grants a continuance at the government's request, if the court granted the continuance to serve the ends of justice, which outweigh the interests of the defendant and the public in a speedy trial. An ends-of-justice continuance is used in rare "cases demanding more flexible treatment." *United States v. Watson*, 766 F.3d 1219, 1229 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 135 S. Ct. 735 (2014). A court is empowered to "grant an excludable continuance . . . when the government needs additional time to prepare, so long as the government has not created that need itself through lack of diligence." *United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993).

We conclude, under the circumstances presented, that the district court appropriately granted an ends-of-justice continuance. In considering the complexity of Mr. Taylor's case and the multiple defendants, the district court appropriately weighed his and society's interest in a speedy trial against the ends of justice, and correctly concluded that the ends of justice had the greater weight. *Cf. United States v. Theron*, 782 F.2d 1510, 1513 (10th Cir. 1986) (engaging in weighing, but reaching different result under facts of case). The court's ruling on the late-filed motion to suppress put the government in the position of needing to obtain more information concerning the wiretaps. Nothing indicates that the government could have anticipated this late-filed motion. Nor could it have predicted how the court would

rule on the motion. Thus, it cannot be concluded that the government acted without diligence.

Furthermore, Mr. Taylor did not "use[] all means available to him to secure an immediate trial." *Id.* He never asserted that he desired an immediate trial; rather, he filed numerous pretrial motions, including one to toll his right to a speedy trial.

### III. Due Process

Mr. Taylor argues that continued detention violates his right to due process and is punitive, because he did not request a continuance and he did not submit an untimely motion to suppress or take other action to delay the trial. Also, he argues that although he filed numerous pretrial motions, none caused the trial continuance. Rather, as with his speedy-trial argument, he believes the government should have acted earlier to obtain wiretap information.

Pretrial detention is permissible if it is regulatory and not punitive. *United States v. Salerno*, 481 U.S. 739, 747 (1987). Preventing danger to the community and assuring presence at trial are permissible regulatory reasons for detention. *Id.*; *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). But pretrial detention for a lengthy period of time may implicate due process concerns. *See Theron*, 782 F.2d at 1516; *see also United States v. Briggs*, 697 F.3d 98, 103 (2d Cir. 2012) (stating that "the Constitution imposes no bright-line limit on the length of pretrial detention," but "very long detentions must be exceptional"). But delays caused by a defendant do not present due process concerns. *See Theron*, 782 F.2d at 1516.

We recognize that two years of pretrial detention is lengthy. But, as the district court found, most of the delay in proceeding to trial is attributable to Mr. Taylor. He has delayed his trial based on his own numerous pretrial motions and his joining motions filed by his co-defendants, as well as the last-minute filing of the in-part successful motion to suppress. Additionally, the complexity of the case, as recognized by Mr. Taylor, as well as the large number of defendants contributed to the delay. Thus, we conclude that Mr. Taylor's detention does not violate due process.

## CONCLUSION

Accordingly, we affirm the district court's decision requiring pretrial detention.

Entered for the Court
Per Curiam