**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  HENRY ROBINSON,

　　　Petitioner.

_____

No. 17-1329
(D.C. No. 1:17-CR-00134-CMA-21)
(D. Colo.)

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

v.

HENRY ROBINSON,

　　　Defendant - Appellant.

No. 17-1330
(D.C. No. 1:17-CR-00134-CMA-21)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Henry Robinson is one of 22 codefendants who have been indicted for their
roles in an alleged drug conspiracy.  No trial date has been set.  Robinson has been
detained pending trial for over five months based on a detention order issued under
the Bail Reform Act.  Although most of his codefendants have been released on

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

bond, Robinson faces prolonged detention because the district court granted the government's motion for an ends-of-justice continuance, with a corresponding 180-day exclusion for speedy trial purposes under 18 U.S.C. § 3161(h)(7)(A).

Robinson seeks pretrial release through two separate filings: (1) an appeal of the district court's September 5, 2017, order denying his motion for a speedy trial and for severance of defendants or, in the alternative, for release from detention under 18 U.S.C. § 3164(c) ("September 5th order"); and (2) a petition for writ of mandamus. The appeal is authorized by Fed. R. Crim. P. 9(a), and we have jurisdiction under 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291. We remand for the district court to conduct further proceedings in accordance with this order. We deny the mandamus petition as moot. We grant Robinson's motion for leave to file a reply brief.

## I.     Background

After Robinson was indicted, the magistrate judge conducted a detention hearing under 18 U.S.C. § 3142(f). Robinson did not contest detention because his newly retained counsel "was not in a position to present evidence to rebut the statutory presumption of detention." Aplt. App. at 16. The magistrate judge considered and weighed the statutory factors listed in § 3142(g) as required. He concluded that no release conditions would reasonably assure Robinson's appearance and the safety of others and the community and therefore ordered pretrial detention. See Aplt. App. at 14-15 (citing Robinson's "past failures to comply with court orders and conditions of probation, his decision not to contest pretrial detention, [his]

2

admitted drug use, his prior convictions for drug and weapons offenses, and the substantial penalties" facing him, i.e., a minimum mandatory of ten years and a maximum of life imprisonment).  Days later, Robinson moved to reopen his detention hearing, but his motion was denied.

Shortly thereafter, the government moved for a 180-day ends-of-justice continuance and a corresponding exclusion of the continuance time for speedy trial purposes under § 3161(h)(7)(A) and (B)(ii).  Robinson opposed the motion[1] and demanded a trial or release by August 3, 2017—the 90-day deadline in § 3164.  The district court granted the motion and extended the speedy trial clock for all defendants to January 30, 2018.

Robinson next moved for a speedy trial under the Sixth Amendment and for severance of defendants under Fed. R. Crim. P. 14(a) or, in the alternative, for release from detention under § 3164(c).  In the September 5th order, the district court construed the motion as a request to reverse the 180-day exclusion from Robinson's speedy trial clock, denied the motion, and reaffirmed the continuance and the exclusion of time.  It then found that the length of Robinson's pretrial detention did not violate § 3164, implicate due process concerns, or necessitate release under *United States v. Theron*, 782 F.2d 1510 (10th Cir. 1986).  In addition, the court

---

[1] Two of Robinson's codefendants also objected.  Sixteen did not object, and three had not made an appearance at the time of the motion.

3

deemed severance unnecessary because Robinson did not establish that joinder of the defendants would compromise or prejudice his trial.[2]

## II. Analysis

**A. The Speedy Trial Act**

Under the Speedy Trial Act, a defendant must be tried within 70 days from the filing date of the information or indictment or the date of the defendant's first appearance, whichever is later. 18 U.S.C. § 3161(c)(1). There is a separate clock for pretrial detention—90 days—that applies in this case. *Id.* § 3164(b). The Act prioritizes the trial of "a detained person who is being held in detention solely because he is awaiting trial." *Id.* § 3164(a)(1). "Failure to commence trial of a detainee as [required], through no fault of the accused or his counsel . . . shall result in the automatic review by the court of the conditions of release. No detainee, as defined in [§ 3161(a)], shall be held in custody pending trial after the expiration of such [90]-day period required for the commencement of his trial." *Id.* § 3164(c). *See, e.g.*, *Theron*, 782 F.2d at 1516-17 (finding a violation of § 3164 and ordering that the defendant be released on bond with appropriate restrictions or tried within 30 days).

Section 3161(h) enumerates periods of delay that shall be excluded in computing the statutory deadline for trial. Under § 3164(b), time that is excludable

---

[2] The district court also denied Robinson's request for pretrial release to the extent it challenged the detention order issued under § 3142. But Robinson does not challenge that ruling on appeal.

4

for purposes of a defendant's 70-day speedy trial clock is also excludable against the 90-day pretrial detention clock. Relevant here, there is an exclusion for "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7). There is also an exclusion for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* § 3161(h)(6).

On appeal, Robinson argues that the district court's refusal to release him from custody pending trial violates § 3164 and his constitutional due process rights. "[C]ompliance with the Speedy Trial Act's legal requirements is subject to de novo review." *United States v. Zar*, 790 F.3d 1036, 1043 (10th Cir. 2015); *accord United States v. Spring*, 80 F.3d 1450, 1456 (10th Cir. 1996) ("We review de novo the trial court's application of the legal standards of the Speedy Trial Act . . . and we review for clear error its factual findings.").

To evaluate Robinson's claim, we need to ascertain whether an exclusion of time is appropriate under § 3161(h) and, if so, how much time should be excluded. We are unable to make that determination based on the record before us for two reasons. First, the district court extended Robinson's speedy trial clock under § 3161(h)(7) without considering his individual interest in a speedy trial, as required

5

by the language of the statute and *Theron*.[3]  Second, the district court did not determine what constitutes "[a] reasonable period of delay" under § 3161(h)(6), even though that provision clearly applies here.  We address each deficiency in turn and remand for appropriate findings.

## B.    Exclusion of Time Based on § 3161(h)(7)

The district court granted a 180-day ends-of-justice continuance under § 3161(h)(7) and extended the speedy trial clock accordingly for all defendants, despite Robinson's objection; it then reaffirmed that ruling in the order under review here.  The basis for the ruling is set forth in the transcript for the May 26, 2017, status conference.[4]  The district court considered the complexity of the case, the existence of many codefendants and their interests as a whole, the vast amount of discovery, and other factors listed in § 3161(h)(7)(B)(ii), without taking into account Robinson's individual interest in a speedy trial.

"[I]t must be clear from the record that the trial court struck the proper balance when it granted the continuance" under § 3161(h)(7).  *Spring*, 80 F.3d at 1456 (internal quotation marks omitted).  Here, it is not.  The district court's analysis is

---

[3] When we issued *Theron*, the ends-of-justice provision was set forth in 18 U.S.C. § 3161(h)(8).  The statute has since been amended, and this provision is now codified at § 3161(h)(7).  Likewise, former § 3167(h)(7) is now codified at § 3161(h)(6).  Because the language in both provisions remains the same, we refer to the subsections as currently numbered when discussing *Theron* to avoid confusion.

[4] Because the minute entry for the status conference is part of the record but the transcript is not, we take judicial notice of the transcript.  *See Barnes v. United States*, 776 F.3d 1134, 1137 n.1 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1155 (2016).

6

flawed for the same reasons we identified in *Theron*, where the district court granted an ends-of-justice continuance based on "(1) the codefendants' need for preparation time; (2) the complexity of the case; and (3) the desirability of trying all defendants at once." *Theron*, 782 F.2d at 1512.

For the first factor, we emphasized that the district court should have considered Theron's interests, not merely those of his codefendants. A continuance is appropriate under § 3161(h)(7) only where the ends of justice "outweigh the best interest of the public *and the defendant* in a speedy trial." *Id.* at 1513 (internal quotation marks omitted). The provision "does not say that the court may weigh the interests of codefendants," as does § 3161(h)(6). *Id.* If a defendant "used all means available to him to secure an immediate trial[,] his desire and his position as a defendant who is not out on bail must weigh strongly in favor of applying" the Speedy Trial Act's limitation. *Id.*

For the second factor, we emphasized that "the complexity of a case does not automatically justify an ends-of-justice continuance." *Id.*

For the third factor, we stated that "the coincidence of a complex case *and* multiple defendants, without more," does not outweigh a particular defendant's interest in a prompt trial. *Id.* Stated otherwise, an ends-of-justice continuance is not appropriate where an "incarcerated defendant's only contribution to the need for delay is his *alleged* participation with the codefendants in a complex scheme *alleged* to be illegal." *Id.*

7

We then unequivocally stated that these factors were "either improper or insufficient . . . to justify an ends-of-justice continuance," where there was no consideration given to the individual defendant's interest in a speedy trial. *Id.* at 1512-13.

We remand for the district court to consider Robinson's interests as an individual defendant for purposes of § 3161(h)(7).[5] Though our case law does not require a remand (in *Theron*, for instance, we simply found that the district court committed an error and that no tolling had occurred), a remand is necessary and appropriate here because of a second gap in the district court's analysis.

## C. Exclusion of Time Based on § 3161(h)(6)

The government did not invoke—nor did the district court consider— § 3161(h)(6), even though it clearly applies. *See id.* § 3161(h)(6) ("The following periods of delay *shall be excluded* . . . in computing the time within which the trial . . . must commence: . . . A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." (emphasis added)). "An exclusion for delay attributable to one defendant is applicable to all co-defendants." *United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) (internal quotation marks omitted).

The "obvious purpose" of § 3161(h)(6) is "to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial."

---

[5] Our conclusion that the district court's analysis under § 3161(h)(7) was insufficient as to Robinson does not carry over to his codefendants, most of whom did not oppose the motion.

8

*Theron*, 782 F.2d at 1514. To effectuate this purpose, our case law recognizes a "strong presumption favoring trying properly joined defendants together." *Zar,* 790 F.3d at 1043. For example, "where . . . a conspiracy is charged, individual conspirators should be tried together." *United States v. Wright*, 826 F.2d 938, 945 (10th Cir. 1987). Likewise, "[w]here the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred." *Vogl*, 374 F.3d at 984 (internal quotation marks omitted). Applying these principles, this court has found that "a delay in the prosecution of [a single defendant]" may be appropriate. *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 917 (10th Cir. 1989), *abrogated on other grounds by Bloate v. United States*, 559 U.S. 196 (2010).

Robinson has multiple codefendants, no severance has been granted, and the time for trial has not run because the district court granted a 180-day ends-of-justice continuance based in part on the existence of those codefendants. Therefore, § 3161(h)(6) extends Robinson's 90-day deadline under § 3164 by some amount of time. But for how long?

In *Theron*, we did not need to determine what constitutes a reasonable delay under § 3161(h)(6) because we found that § 3164 required bail or immediate trial. 782 F.2d at 1514. And while we declined to establish a "bright line" as to what constitutes a reasonable delay for purposes of § 3164, we had "no hesitancy" in saying that four months additional incarceration before trial was "too long" under the circumstances present in that case. *Id.* at 1516.

9

We have since provided more guidance on "reasonableness" under § 3161(h)(6). Based on the legislative history of the Speedy Trial Act, we have instructed: "[I]n the application of the reasonableness standard under [§ 3161(h)(6)], judicial efficiency in the trial of multiple defendants is to be preferred to an inflexible adherence to the letter of the Speedy Trial Act." *Vogl*, 374 F.3d at 983 (internal quotation marks omitted). In addition, we have identified three factors that are relevant to a reasonable determination: "(1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *Id.* at 984 (internal quotation marks omitted). This inquiry is "heavily factual." *Id.* On remand, the district court should apply these standards and determine "a reasonable period of delay" for purposes of § 3161(h)(6).

On remand, the district court should revisit whether the length of Robinson's pretrial detention violates § 3164 and implicates due process concerns under *Theron*. Even though the district court did not decide what constitutes "a reasonable period of delay" for purposes of § 3161(h)(6) in the September 5th order, it briefly assessed Robinson's pretrial detention with respect to § 3164 and due process and concluded that "neither [§ 3164] nor *Theron* mandates [Robinson's] release." Aplt. App. at 68. In reaching this conclusion, the district court relied heavily on an unpublished opinion, *United States v. Taylor*, 602 F. App'x 713, 716 (10th Cir. 2015), and a district court order, *United States v. Lacallo*, No. 09-CR-00055-PAB-2,

10

4511079, at \*1 (D. Colo. Nov. 1, 2010). Both are distinguishable because in each case the defendants' behavior contributed to trial delays and prolonged their pretrial detention. In contrast, Robinson has consistently asserted his right to a speedy trial and has not contributed to any delays.

### III.    Conclusion

We remand for the district court to conduct further proceedings in accordance with this order. We deny the mandamus petition as moot.

<div style="margin-left:40%">

Entered for the Court
Per Curiam

</div>